UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------x
PHILLIPS-VAN HEUSEN CORP.,

                   Plaintiff,

   - against -

J.V.E. CO., INC.,

                   Defendant,

    - and -

MITSUI O.S.K. LINES LTD.;
DAMPSKIBSSELSKABET AF 1912
AKTIESELSKAB and AKTIESELSKABET
DAMPSKIBSSELSKABET SVENDBORG,

        Defendants/Third Party Plaintiffs,

   - against -

KELLAWAY TRANSPORTATION, INC.;
KELLAWAY INTERMODAL & DISTRIBUTION
SYSTEMS, KELLAWAY INTERMODAL
SERVICES, INC. and KELLAWAY TERMINAL
SERVICES, INC.,

         Third Party Defendants.
-------------------------------------------------------------x

Civil Action No.: 1: CV-00-0665
(Hon. Sylvia H. Rambo)

FILED
HARRISBURG, PA

SEP 0 4 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

## DAADS' t/a MAERSK LINE'S PETITION FOR
## AWARD OF ATTORNEYS' FEES AND EXPENSES

Defendant and Third-Party Plaintiff Dampskibsselskabet AF 1912 Aktieselskab and Artieselskabet Dampskibsselskabet Svenborg t/a Maersk Line (hereinafter "Maersk Line") by and through its attorneys, Palmer Biezup & Henderson LLP, submits the following Petition for attorneys' fees and expenses pursuant to the August 20, 2002 Order issued by this Honorable Court:

PBH: 152769.1

1.    This Honorable Court in its Memorandum Findings of Fact and Conclusions of Law (hereinafter the "Decision") dated August 14, 2002 ruled that Maersk was entitled to full indemnity from Defendant Kellaway pursuant to the terms and conditions of the Uniform Intermodal Interchange and Facilities Access Agreement (hereinafter "UIIA") that was in effect between Kellaway and Maersk in June of 1999. (Decision, Page(s) 30-31.)

2.    This Honorable Court ruled that Maersk was entitled to indemnity because of the loss of the container in question occurred during the "Interchange Period" and Kellaway's negligence was a proximate cause of the loss of the container and cargo in question. (Decision, Page(s) 20-23, 29.)

3.    Under the terms of the governing UIIA, Maersk Line is entitled to recover its attorneys' fees and costs incurred in defending against the claim of Plaintiff Phillips-Van Heusen Corp. (hereinafter "PVH") as well as its attorneys' fees and costs incurred in enforcing the provisions of the UIIA (Maersk Exhibit "T", Part III, Section 7 (d) and (e)).

4.    Maersk Line tendered its defense of the PVH claim to Kellaway on July 17, 2000 and Kellaway refused the tender and forced Maersk not only to defend the PVH claim, but to incur additional attorneys' fees and expenses to enforce the terms and conditions of the UIIA. (Decision, Page 8; Maersk Line Exhibit "N".)

5.    Under the governing UIIA Agreement Kellaway also agreed to provide insurance coverage for the benefit of Maersk to cover the claims which are the subject of the captioned lawsuit as well as any liability incurred by Maersk. (Maersk Exhibit "T"; Part III, Section 7 (f) (1)-(3) and Maersk Addendum to UIIA Paragraph VII, A (1)-(4) and B.)  Kellaway's  failure to provide insurance and take over Maersk Line's defense in according with the aforesaid insurance sections

of the applicable UIIA provide another basis upon which Maersk Line should recover its attorneys' fees, expenses and other costs in this matter from Kellaway.

6.    A claim for counsel fees pursuant to a breach of contract claim is a matter which is collateral to the merits and should be asserted by way of petition after a trial ruling on the merits by the District Court.

7.    Attached as Exhibit "A" is the Affidavit/Verification of Maersk Line's trial counsel, Richard Q. Whelan.  The affidavit of Maersk Line's trial counsel together with supporting exhibits, establishes that Maersk has actually paid counsel fees and expenses totaling $71,572.35 through April 30, 2002.  Given the attorney time required to defend PVH's claim and to enforce the provisions of the UIIA, the fees and expenses incurred by Maersk Line were reasonable and necessary under the circumstances. Maersk Line will continue to incur counsel fees and expenses until this matter is brought to a conclusion.

8.    Under the terms of the UIIA, Maersk is entitled to be fully indemnified for all attorneys' fees and expenses incurred by Maersk in defending PVH's claim and in seeking to enforce the UIIA against Third-Party Defendant Kellaway.


WHEREFORE, Maersk Line respectfully requests this Honorable Court to enter an Order in substantially the form attached hereto granting Maersk Line's Petition for attorneys' fees and expenses in the amount of $71,572.35 plus all additional fees and expenses incurred by Maersk Line until this matter is brought to a conclusion.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: _____

     Richard Q. Whelan (ID # 35688)
     William E. Ecenbarger, Jr.
     Attorneys for Defendant and Third
     Party Plaintiff DAADS (t/a Maersk Line)
     956 Public Ledger Building
     620 Chestnut Street
     Philadelphia, PA 19106-3409
     (215) 625-9900

Dated:   September 4, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------x
PHILLIPS-VAN HEUSEN CORP.,
                                        Plaintiff,

        - against -

J.V.E. CO., INC.,
                                        Defendant,

        - and -

MITSUI O.S.K. LINES LTD.;
DAMPSKIBSSELSKABET AF 1912
AKTIESELSKAB and AKTIESELSKABET
DAMPSKIBSSELSKABET SVENDBORG,
                Defendants/Third Party Plaintiffs,

        - against -

KELLAWAY TRANSPORTATION, INC.;
KELLAWAY INTERMODAL & DISTRIBUTION
SYSTEMS, KELLAWAY INTERMODAL
SERVICES, INC. and KELLAWAY TERMINAL
SERVICES, INC.,
                Third Party Defendants.
-------------------------------------------------------------x

Civil Action No.: 1: CV-00-0665
(Hon. Sylvia H. Rambo)

FILED
HARRISBURG, PA

SEP 0 4 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DAADS' t/a MAERSK LINE PETITION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES WITH SUPPORTING MEMORANDUM OF LAW

Defendant and Third Party Plaintiff Dampskibsselskabet AF 1912 Aktieselskab and

Aktieselskabet Dampskibsselskabet Svendborg t/a "Maersk Line" by and through its attorneys,

Palmer Biezup & Henderson LLP, hereby submits the following Petition for Attorneys' Fees and

Expenses and Supporting Memorandum of Law pursuant to the August 20, 2002 Order issued by

PBH: 152726.1

the Court requesting the parties to file petitions for attorneys' fees and expenses be filed on or before September 4, 2002.

This Honorable Court in its Memorandum Findings of Fact and Conclusions of Law (hereinafter the "Decision") dated August 14, 2002 ruled that Maersk Line was entitled to full indemnity from Defendant Kellaway pursuant to the terms and conditions of the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA") that was in effect between Kellaway and Maersk Line in June of 1999. (Decision, Page(s) 30-31). This Honorable Court ruled that Maersk Line was entitled to indemnity because the loss of the container in question occurred during the "Interchange Period" (Decision, Page 29) and Kellaway's negligence was a proximate cause of the loss of the container and cargo in question. (Decision, Page(s) 20-23).

Under the terms of the governing UIIA, Maersk Line is entitled to recover its attorneys' fees and costs incurred in defending against the claim of PVH, as well as its attorneys' fees and costs incurred in enforcing the provisions of the UIIA against Kellaway. Part III, Section 7 of the UIIA is entitled "Liability, Indemnity, and Insurance" and Part III, Section 7(d) provides:

> Indemnity: Motor Carrier [Kellaway Transportation, Inc.] agrees to defend, hold harmless, and fully indemnify Provider [Maersk Line], Equipment Owner, and/or Facility Operator, as their interests appear, against any and all loss, damage or liability, including reasonable attorneys' fees and costs incurred in the enforcement of this Agreement, suffered by Provider, Equipment Owner and /or Facility Operator arising out of Motor Carrier's negligent or intentional acts or omissions during an Interchange Period and/or presence on Facility Operator's premises."

Maersk Line Exhibit "T"

Part III, Section 7(e) of the UIIA provides:

> Motor Carrier shall provide legal defense to Provider, Equipment Owner and/or Facility Operator for any claim arising against Motor Carrier under Section III.7.d.

Marersk Line Exhibit "T"

There is no question that Maersk Line tendered its defense of the PVH claim to Kellaway on July 17, 2000 (Decision, Page 8; Maersk Line Exhibit "N") and that Kellaway refused the tender and forced Maersk Line to not only defend the PVH claim but incur additional attorneys' fees and expenses in enforcing the terms and conditions of the UIIA.[1]

It should also be noted that under the UIIA Kellaway also agreed to provide insurance coverage for the benefit of Maersk Line to cover the claims which are the subject of the captioned lawsuit and any liability incurred by Maersk Line. See: UIIA (Maersk Line Exhibit "T") at Part III, Section 7(f)(1)-(3) and Maersk Line Addendum to UIIA (Maersk Line Exhibit "T") at Section VII A(1)-(4) and B. Kellaway's failure to provide insurance and take over Maersk Line's defense is another basis for Maersk Line recovering its attorneys' fees and other costs in this matter.

The quantum of express or implied contractual attorneys' fees and expenses is a matter for the Court to decide after contractual liability is decided at a trial. See SPM Corporation v. M/V MING MOON, 965 F.2d 1297, 1300 (3rd Cur. 1992); McGuire v. Russell Miller, Inc., 1 F. 3d 1306,

---

[1] Even if the Court were to somehow find that the UIIA does not apply, Maersk Line would still be entitled to recover its attorneys' fees and costs from Kellaway under Pennsylvania common law. See Boiler Engineering and Supply Co. v. General Controls, Inc., 443 Pa. 44, 47, 277 A.2d 812 (1971); see also Treco, Inc. v. Wolf Investments Corp., Inc., 2001 W.L. 1807762 at *4 (Pa. Com.Pl. Feb. 15, 2001).

PBH: 152726.1

1313 (2d Cir. 1993). The amount of attorneys' fees and expenses to be awarded post-trial is decided

by the Judge who presided over the trial. See M/V MING MOON, *supra*; McGuire, *supra*.

The M/V MING MOON case made two trips to the Third Circuit Court of Appeals. The first

trip was after a bench trial in which the District Court Judge found all defendants liable to the

Plaintiff, SPM Corp., but found that the COGSA $500.00 package limitation applied to limit the

amount of all defendants' liability. The Third Circuit noted that "[t]he District court also ruled that

Blue Anchor was entitled to indemnification from Yangming and Maher, including reasonable

attorney's fees, but the amount of those fees has yet to be resolved." SPM Corporation v. M/V

MING MOON, 965 F.2d 1297, 1300 (3rd Cir. 1992). After affirming the liability and limitation

findings in part and reversing in part, the Third Circuit, in its conclusion held: "The order of the

district court will be affirmed in part and reversed in part, and the case will be remanded for entry

of a corrected judgment and for final resolution of Blue Anchor's indemnity claim, as well as other

proceedings that have yet to be concluded." SPM Corporation v. M/V MING MOON, 965 F.2d at

1306. After remand to the District Court where the amount of attorneys' fees was considered, the

case made its way for a second time to the Third Circuit, where the Court affirmed the award of

$61,556.15 incurred by the indemnitee in defending against the claims of the plaintiff. SPM

Corporation v. M/V MING MOON, 22 F.3d 523, 528-29 (3d Cir. 1994). Thus, it is clear that the

issue of the amount of attorneys' fees in an indemnity context should be addressed subsequent to the

conclusion of a bench trial and prior to the entry of final judgment.

The same conclusion was reached by the Second Circuit Court of Appeals in McGuire v.

Russell Miller, Inc., 1 F.3d 1306 (2d Cir. 1993):

> "This Circuit has never decided what procedure a district judge should follow in deciding a contractual claim for attorneys' fees. Counsel for both sides agreed at oral argument that the common practice in the district courts of this Circuit is for the judge to determine the amount of attorneys' fees owned pursuant to an indemnification agreement after the liability for such fees is decided at a trial, whether bench or jury. [citations omitted]. Following common practice, today we make law out of what was previously common sense: when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees; if the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees."

McGuire v. Russell Miller, Inc., 1F.3d 1306, 1313 (2d Cir. 1993).

The rule set forth in McGuire and M/V MING MOON that the quantum of fees must be determined post-trial makes sense because the cost of defending the PVH claim through trial, including the actual trial time and post-trial briefing, could not possibly be determined until the completion of the trial and post-trial briefing. Moreover, it serves judicial economy to consider such collateral issues after a trial court rules on the contractual liability which forms the basis of the claim for counsel.

Finally, the U.S. Supreme Court has indicated that a claim for counsel fees in equity is a matter which is collateral to the merits and can be asserted by way of a petition after a trial ruling on the merits by the District Court. Sprague v. Ticonic Bank, 307 U.S. 161, 59 S. Ct. 777, 781-782 (1939); see also: Budinich v. Becton Dickinson and Co., 486 U.S. 196, 202, 108 S. Ct. 1717, 1721 (1988); Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 991 (1989).

Attached hereto as Exhibit "A " is the Affidavit of Maersk Line's trial counsel, Richard Q. Whelan. The Affidavit of Maersk Line's trial counsel, together with supporting exhibits, establishes

that Maersk Line has paid a total of $71,572.35 in legal fees and expenses through April 30, 2002. There will be additional fees and expenses incurred to ring this matter to a conclusion. Given the attorney time required to defend PVH's claim and to enforce the provisions of the UIIA, the fees incurred by Maersk Line were reasonable under the circumstances.

## **CONCLUSION**

For the reasons stated above, judgment should be entered in favor of Maersk Line and against Kellaway in the amount of $71,572.35 for the attorneys' fees and expenses incurred by Maersk Line in defending Plaintiff PVH's claim and in seeking to enforce the UIIA against Kellaway plus all additional fees and expenses incurred by Maersk Line to bring this matter to a conclusion.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: _____
　　　Richard Q. Whelan (ID # 35688)
　　　William E. Ecenbarger, Jr.
　　　Attorneys for Defendant and Third
　　　Party Plaintiff DAADS (t/a Maersk Line)
　　　956 Public Ledger Building
　　　620 Chestnut Street
　　　Philadelphia, PA 19106-3409
　　　(215) 625-9900

Dated:   September 4, 2002

PBH: 152726.1

-6-

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of Defendant/Third-Party Plaintiff DAADS' (t/a Maersk Line) Petition for Attorneys' Fees and Expenses and supporting Memorandum of Law was made to the below-listed counsel on September 4, 2002 via Hand Delivery.

> George R. Zacharkow, Esquire
> Mattioni Ltd.
> 399 Market Street, 2nd Floor
> Philadelphia, PA 19106
>
> Carl H. Delacato, Esquire
> Hecker, Brown, Sherry & Johnson
> 1700 Two Logan Square
> 18th & Arch Streets
> Philadelphia, PA 19103
>
> Ann-Michele G. Higgins, Esquire
> Rawle & Henderson LLP
> The Widener Building
> One South Penn Square
> Philadelphia, PA 19107
>
> Patrick J. Keenan, Esquire
> Duffy & Keenan
> The Curtis Center, Suite 1150
> Independence Square West
> Philadelphia, PA 19106

PALMER BIEZUP & HENDERSON LLP

By: X _____
Richard Q. Whelan
Attorney for DAADS t/a Maersk Line
620 Chestnut Street
956 Public Ledger Building
Philadelphia, PA 19106-3409
(215) 625-9900

A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------x
PHILLIPS-VAN HEUSEN CORP.,

                       Plaintiff,

        - against -

J.V.E. CO., INC.,

                       Defendant,

        - and -

MITSUI O.S.K. LINES LTD.;
DAMPSKIBSSELSKABET AF 1912
AKTIESELSKAB and AKTIESELSKABET
DAMPSKIBSSELSKABET SVENDBORG,
              Defendants/Third Party Plaintiffs,

        - against -

KELLAWAY TRANSPORTATION, INC.;
KELLAWAY INTERMODAL & DISTRIBUTION
SYSTEMS, KELLAWAY INTERMODAL
SERVICES, INC. and KELLAWAY TERMINAL
SERVICES, INC.,
               Third Party Defendants.
-------------------------------------------------------------x

Civil Action No.: 1: CV-00-0665
(Hon. Sylvia H. Rambo)

### AFFIDAVIT / VERIFICATION

    I, Richard Q. Whelan, being duly sworn according to Law, depose and say:

    1.   I have been a partner at the law firm Palmer Biezup & Henderson LLP since 1989,

having joined the firm as an associate in August of 1981;

    2.   I was admitted to the bar of The Commonwealth of Pennsylvania in 1981 and I am a

member in good standing of the bars of The State of New York, the U.S. Court of Appeals for the

Third Circuit, the U.S. District Courts for the Middle and Eastern Districts of Pennsylvania, the U.S.

District Courts for the Eastern and Southern District of New York, and the U.S. District Court for the District of Maryland;

3.    The law firm of Palmer Biezup & Henderson LLP specializes in the area of Maritime Law;

4.    I have been a member of the Maritime Law Association of the United States since 1981 and I have spent the great majority of my time since 1981 practicing in the area of Maritime Law and litigation;

5.    My firm, Palmer Biezup & Henderson LLP, was engaged by Maersk Line to defend Defendant Dampskibsselskabet AF 1912 Aktieselskab and Artieselskabet Dampskibsselskabet Svenborg t/a Maersk Line (hereinafter "Maersk Line") in the captioned action brought by Plaintiff Phillips-Van Heusen ("PVH") and to assert an indemnity claim against Third-Party Defendant Kellaway to enforce the terms of contract between Maersk Line and Kellaway, the Uniform Intermodal Interchange Agreement ("UIIA");

6.    Our engagement to act as counsel for Maersk Line commenced on or about December 20, 2000 and has continued to date;

7.    I was designated as the partner in charge of this file at the request of Maersk Line;

8.    Palmer Biezup & Henderson LLP associate William E. Ecenbarger assisted me in handling the file. Mr. Ecenbarger is a member in good standing of the bars of the States of New Jersey (1998) and New York (1999) and the U.S. District Courts for the District of New Jersey and the Eastern and Southern Districts of New York. Ninety-five percent of Mr. Ecenbarger's practice since 1998 has been in the area of Maritime Law. Mr. Ecenbarger assisted me in an effort to reduce the hourly rate charged the client and he was assigned work which was in accordance with his level

PBH: 152760.1

-2-

of experience;

9.    Palmer Biezup & Henderson LLP partner Gary F. Seitz, associate Stephen P. Bosio and paralegal Helle K. Richards also worked on this file during the early stages;

10.    For time entries prior to 2001, my attorney time was charged at $210 per hour, and thereafter, my attorney time was charged at $215 per hour;

11.    Mr. Ecenbarger's rate was $145 per hour; paralegal Helle Richards' rate was $100 per hour, Stephen P. Bosio's rate was $130 per hour, and partner Gary F. Seitz's hourly rate was $190;

12.    During the discovery and trial stages, Plaintiff PVH and Third-Party Defendant Kellaway contested a significant number of issues including, but not limited to, the amount of damages claimed, the applicability of the terms of the bill of lading, the applicability of the UIIA, choice of law, Maersk Line's right to a defense, the requirement to provide Maersk Line insurance, indemnification, the identity of the owner and operator of the container terminal, the custom and practice in the industry for security measures at a container terminal, the documents issued in connection with the carriage of the cargo by Kellaway, and the authenticity of certain documents including, but not limited to, the UIIA, certain Kellaway documents, and documents produced by PVH to support a claim for alleged lost profits;

13.    Due to the substantial number of hotly contested issues, our firm was required to do a substantial amount of legal research, investigation, discovery depositions, the drafting of briefs, memoranda, multiple sets of findings of fact and conclusions of law and other documents, and client reporting to properly defend PVH's claims, pursue indemnity against Kellaway and manage the file. The legal research included issues unique to this case, recent decisions and updating (search and research including factually similar cases);

14.    Moreover, we were required to attend a number of court and counsel conferences and prepare for and try this matter to its conclusion.  Following the trial, it was necessary for us to review the trial transcript and prepare and submit revised Findings of Fact and Conclusions of Law, as well as a Trial Brief and Memorandum of Law on fees;

15.    The attorney time in hours spent defending Plaintiff's claim and pursuing indemnity and the enforcement of the UIIA is reflective of the many contested issues involved, the work required to fully protect Maersk Line's indemnity claim against Kellaway, and the work required to reduce Plaintiff PVH's damages as much as possible;

16.    My firm's attorney time in hours spent through trial in this matter was, in my experience, commensurate with the attorney time spent in similar cases we have handled for similar clients who have paid our bills for similar amounts of attorney time;

17.    My firm has billed Maersk Line a total of $71,572.35 in attorney's fees and costs for defending Plaintiff PVH's claim and pursuing indemnity against Kellaway to enforce the terms of the UIIA;

18.    Attached as composite Exhibit "1" are copies of the following Palmer Biezup & Henderson LLP invoices which have been submitted by me to my client in this matter and paid in full on behalf of Maersk.  Portions of certain individual time entries have been redacted because they contain confidential information protected by the attorney-client privilege.

| Invoice # | Time Period | Amount |
|---|---|---|
| 1085-358-001 | 12/20/00 - 12/31/00 | $ 1,146.65 |
| 1085-358-002 | 01/02/01 - 05/31/01 | 5,843.14 |
| 1085-358-003 | 08/27/01 (Disbursement) | 1,350.00 |

| | | |
|---|---|---|
| 1085-358-005 | 06/01/01 - 12/31/01 | 25,087.07 |
| 1085-358-006 | 01/01/02 - 04/31/02 | 37,545.49 |
| 1085-358-902 | 04/04/02 (Disbursement) | 600.00 |
| | TOTAL | $71,572.35 |

19. The actual attorney time spent in connection with the captioned lawsuit was recorded contemporaneously in daily time records by the individual attorneys who worked on the case in accordance with our office policy. My firm's billing system is computerized and client activity accounts and entries are reviewed for accuracy and relationship to the time spent;

20. In accordance with our office policy, there are no charges for clerical or other work performed by secretarial personnel in the invoices attached as composite Exhibit "1";

21. The attorney billing rates and all other charges set forth in the Palmer Biezup & Henderson LLP invoices attached as composite Exhibit "1" are the rates and charges which my firm normally bills for legal services in Maritime cases such as the captioned lawsuit and my firm has routinely received payment on such bills at such rates in Maritime cases;

22. The aforesaid rates are well-known to my firm's Maritime clients and my firm has billed and collected professional fees and disbursements based on such rates on hundreds of files handled for substantially similar Maritime clients;

23. Based upon my more than twenty (20) years of experience as a Maritime Lawyer, the hourly rates charged by my firm in this matter were reasonable and within the range that is charged by similar Maritime firms serving similar clients;

24. Invoice 1085-358-003 in the amount of $1,350 and invoice 1085-358-902 are amounts paid to Maersk Lines' container yard security experts, DeBellis & Associates, who issued an expert

report in this matter. The charge of $1,350 by DeBellis was for expert consultation and the issuance of the expert report exchanged with all counsel. The $600 charge was for DeBellis' travel expenses in attending the trial;

25.    With regard to disbursement charges, my firm's in-house duplicating charges were recorded on a "Copytrack" computer system by file number and charged at 25¢ per page. Charges for long distance telephone calls, faxes and postage are based on the firm's actual cost and are recorded by file number via computer at the time the charge is incurred. Computer research is similarly charged on an actual cost basis;

26.    Additional fees have been incurred since this Honorable Court's decision of August 14, 2002 and said fees are continuing to date. My firm's August, 2002 billing period has not yet been closed.

27.    The foregoing statements are true and correct and are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
Richard Q. Whelan

Subscribed and sworn before me, this 4th day
of September, 2002, a Notary Public in and
for Philadelphia County, State
of Pennsylvania .

_____
NOTARY PUBLIC

My Commission expires Nov. 12, 2005

NOTARIAL SEAL
Elizabeth Ann Flenner, Notary Public
City of Philadelphia, County of Philadelphia
My Commission Expires Nov. 12, 2005

PBH: 152760.1

Owners of M/V DRAGORE MAERSK          28 February 2001
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, Se1 9RR England               M/V DRAGORE MAERSK
                                      Invoice No.: 1085-358-001

---

### PALMER BIEZUP & HENDERSON LLP
#### Counselors at Law
#### 956 Public Ledger Building
#### Independence Square
#### Philadelphia, PA 19106-3409
#### Federal Tax ID Number 23-2107405
#### (215) 625-9900  Fax No.:  (215) 625-0185

---

PROFESSIONAL SERVICES:                          $1,146.00
(in accordance with attached
 computer printout)

DISBURSEMENTS:                                       .65

                          TOTAL             $1,146.65

RQW:eaf

PBH: 137210.1



PALMER BIEZUP & HENDERSON LLP
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PA  19106-3409
FEDERAL TAX ID NUMBER 23-2107405
(215) 625-9900  FAX NO. (215) 625-0185

February 23, 2001

Billed through 12/31/00

Bill number        1085-00358-001 RQW

Owners Of M/V DRAGORE MAERSK
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, SEI 9RR England


M/V DRAGORE MAERSK - Failure to Deliver Cargo of Izod Polo
Shirts - May 18, 1999

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---|
| 12/20/00 RQW | Telephone call received from plaintiff's attorney; received telephone call from plaintiff's attorney. | .30 hrs | 210 /hr | | 63.00 |
| 12/21/00 RQW | Received and reviewed Complaint; telephone call with counsel for Cargo; telephone call with Maersk re Request to Answer Complaint. | .40 hrs | 210 /hr | | 84.00 |
| 12/26/00 SPB | Prepare Draft Answer to Complaint. | 2.00 hrs | 130 /hr | | 260.00 |
| 12/27/00 RQW | Reviewed and revised Answer to Complaint; telephone call to Clerk of Court; letter to Clerk of Court and plaintiff's counsel. | 1.50 hrs | 210 /hr | | 315.00 |
| 12/27/00 RQW | Reviewed and revised Answer. | .70 hrs | 210 /hr | | 147.00 |
| 12/27/00 RQW | Telephone call with plaintiff's attorney re claim. | .20 hrs | 210 /hr | | 42.00 |
| 12/27/00 SPB | Research address for service on third party defendant Kellaway; draft Third Party Complaint. | 1.00 hrs | 130 /hr | | 130.00 |
| 12/28/00 RQW | Telephone call with plaintiff's counsel re status of Court proceeding and claim. | .30 hrs | 210 /hr | | 63.00 |
| 12/28/00 RQW | Arranged for joinder complaint. | .20 hrs | 210 /hr | | 42.00 |

Total fees for this matter                    $      1,146.00

```
Owners Of M/V DRAGORE MAERSK                        PAGE   2
Bill number       1085-00358-001 RQW
```

DISBURSEMENTS

```
              Postage                                          .65

                                              ------------
              Total disbursements for this matter    $        .65
```

BILLING SUMMARY

```
              Richard Q. Whelan         3.60 hrs  210 /hr      756.00
              Stephen P. Bosio          3.00 hrs  130 /hr      390.00
                                                         ------------
              TOTAL FEES                6.60 hrs       $     1,146.00

              TOTAL DISBURSEMENTS                      $          .65
                                                         ------------
              TOTAL CHARGES FOR THIS BILL             $     1,146.65
```

Owners of M/V DRAGORE MAERSK             13 June 2001
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, Se1 9RR England                  M/V DRAGORE MAERSK
                                         Invoice No.: 1085-358-002

---

**PALMER BIEZUP & HENDERSON LLP**
**Counselors at Law**
**956 Public Ledger Building**
**Independence Square**
**Philadelphia, PA  19106-3409**
**Federal Tax ID Number 23-2107405**
**(215) 625-9900  Fax No.:  (215) 625-0185**

---

PROFESSIONAL SERVICES:                               $5,193.00
(in accordance with attached
 computer printout)

DISBURSEMENTS:                                         650.14

                        TOTAL                        $5,843.14

RQW:eaf

PBH: 140043.1

PALMER BIEZUP & HENDERSON LLP
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PA  19106-3409
FEDERAL TAX ID NUMBER 23-2107405
(215) 625-9900  FAX NO. (215) 625-0185

June 13, 2001

Billed through 05/31/01

Bill number      1085-00358-002 RQW

Owners Of M/V DRAGORE MAERSK
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, SEI 9RR England


M/V DRAGORE MAERSK - Failure to Deliver Cargo of Izod Polo
Shirts - May 18, 1999

FOR PROFESSIONAL SERVICES RENDERED

| Date | Init | Description | Hours/Rate | Amount |
|------|------|-------------|------------|--------|
| 01/02/01 | SPB | Draft third party complaint; research PA warehouseman statute. | .50 hrs  130 /hr | 65.00 |
| 01/03/01 | RQW | Reviewed claims documents; discussed with GFS; telepohne call with Maersk claims office re equipment interchange agreement with Maersk. | 1.90 hrs  215 /hr | 408.50 |
| 01/03/01 | HKR | Telephone Clerk's Office re obtaining copies of pleadings (3xs). | .30 hrs  100 /hr | 30.00 |
| 01/04/01 | RQW | Reviewed file re third party complaint; researched defendants related to Kellaway; started complaint. | 1.10 hrs  215 /hr | 236.50 |
| 01/04/01 | RQW | Revised third party complaint. | .50 hrs  215 /hr | 107.50 |
| 01/04/01 | RQW | Worked on Third party Complaint; telepone call with Maersk, New Jersey. | 1.30 hrs  215 /hr | 279.50 |
| 01/08/01 | GFS | Review and revise third-party complaint and cover letter for filing. | .60 hrs  190 /hr | 114.00 |
| 01/12/01 | RQW | Reviewed status; prepared report to client concerning status of joinder and Answer; revised report to client. | 1.00 hrs  215 /hr | 215.00 |
| 01/15/01 | RQW | Received and reviewed Joinder Summons for the 4 Kellaway Companies; reviewed locations and considered service strategy; arranged for service of Kellaway Transportation, Inc. | .80 hrs  215 /hr | 172.00 |
| 01/15/01 | SPB | Research agents of Kellaway corporations for service. | .30 hrs  130 /hr | 39.00 |
| 01/16/01 | SPB | Research location of agents of Kellaway divisions for service of process. | 1.00 hrs  130 /hr | 130.00 |

```
Owners Of M/V DRAGORE MAERSK                                    PAGE   2
Bill number      1085-00358-002 RQW
```

```
01/17/01 SPB   Prepare service of process of third-party
               complaint on third-party defendants.
                                   .90 hrs  130 /hr        117.00
01/19/01 RQW   Reviewed service papers.    .20 hrs  215 /hr    43.00
01/19/01 SPB   Research rules and procedures for service of
               process on defendants outside PA.
                                   .60 hrs  130 /hr         78.00
01/24/01 RQW   Telephone call with cargo counsel re depositions
               of Kellaway.        .30 hrs  215 /hr         64.50
01/25/01 RQW   Telephone call r1ceived from cargo plaintiff in
               Mitsui Osk Line case (involving other 2
               containers) re depositions of Kellaway personnel;
               reviewed docket and telephone call with cargo
               plaintiff's counsel in our case re schedule.
                                   .40 hrs  215 /hr         86.00
01/26/01 RQW   Received and reviewed correspondence from
               plaintiff's counsel.     .20 hrs  215 /hr    43.00
01/29/01 RQW   Telephone call received from plaintiff's attorney
               re discovery schedule.   .20 hrs  215 /hr    43.00
02/23/01 SPB   Re-attempt service of Kellaway Transportation
               Corporation in PA; contact process server re
               incorrect address for service of process on
               record at PA Corporations Bureau.
                                   .40 hrs  130 /hr        309.00
02/23/01 RQW   Reviewed status of service.   .30 hrs  215 /hr   64.50
03/06/01 RQW   Reviewed status; telephone call wit counsel.
                                   .30 hrs  215 /hr         64.50
03/06/01 RQW   Second telephone conference with counsel for
               Kellaway re Service and Entry of Appearance.
                                   .20 hrs  215 /hr         43.00
03/07/01 SPB   Checked status of service on Kellaway Corporation
               in Harrisburg.      .20 hrs  130 /hr         26.00
03/09/01 SPB   Prepared proof of service affidavits.
                                   .50 hrs  130 /hr         65.00
03/15/01 RQW   Telephone call with plaintiff's attorney.
                                   .20 hrs  215 /hr         43.00
03/15/01 RQW   Revised proof of service affidavits and checked
               exhibits.           .80 hrs  215 /hr        172.00
04/02/01 RQW   Reviewed market dates for discussion with cargo
               counsel.            .50 hrs  215 /hr        107.50
04/03/01 SPB   Research address for Kellaway Corporation in
               Pennsylvania.       .40 hrs  130 /hr         52.00
04/04/01 SPB   Research address of Kellaway Corporation for
               service in MA.      .50 hrs  130 /hr         65.00
04/05/01 RQW   Telephone conference with counsel for Kellaway;
               letter to counsel for Kellaway; prepared fax to
               Massoud M. at Maersk, Inc. reporting on status
               and requesting ████████████████████████
               ████████████████████████████; reviewed
               and revised fax report/request.
                                   1.90 hrs  215 /hr       408.50
```

Owners Of M/V DRAGORE MAERSK                                      PAGE   3
Bill number        1085-00358-002 RQW

| Date | By | Description | | |
|------|-----|------------|------|------|
| 04/05/01 | RQW | Telephone call with cargo counsel. | | |
| | | | .20 hrs  215 /hr | 43.00 |
| 04/09/01 | RQW | Telephone call received from clerk's office in M.D. Pa. Harrisburg; telephone call to Kellaway counsel - left detailed message. | | |
| | | | .30 hrs  215 /hr | 64.50 |
| 04/09/01 | RQW | Telephone call received from counsel for Kellaway; arranged for agreement to accept service; letter to counsel for Kellaway confirming agreement; letter to clerk of court re service completed. | 1.20 hrs  215 /hr | 258.00 |
| 04/10/01 | RQW | Received and reviewed answer and crossclaim by third party defendant Kellaway; prepared answer to third party defendant's crossclaim; prepared letter to court; prepared letter to counsel for Kellaway and plaintiff. | .80 hrs  215 /hr | 172.00 |
| 04/11/01 | RQW | Telephone call received from Kellaway counsel. | | |
| | | | .10 hrs  215 /hr | 21.50 |
| 04/16/01 | RQW | Received and reviwed service forms; reviewed, revised and filed service forms. | | |
| | | | .30 hrs  215 /hr | 64.50 |
| 04/16/01 | RQW | Revise answer to crossclaim and letters. | | |
| | | | .70 hrs  215 /hr | 150.50 |
| 04/16/01 | SPB | Prepare proof of service for two Kellaway companies for filing in Federal Court. | | |
| | | | .80 hrs  130 /hr | 104.00 |
| 04/19/01 | RQW | Received and reviewed Kellaway motion to consolidate and 2 letters from Clerk of Court confirming receipt of Proof of Service and Answer to Crossclaim. | .40 hrs  215 /hr | 86.00 |
| 04/30/01 | RQW | Received and reviewed motion and letter to court by Kellaway; telephone call with counsel for Kellaway. | .40 hrs  215 /hr | 86.00 |
| 05/08/01 | RQW | Received correspondence and filing by Kellaway. | | |
| | | | .20 hrs  215 /hr | 43.00 |
| 05/10/01 | RQW | Telephone call received from counsel for cargo interests. | .30 hrs  215 /hr | 64.50 |
| 05/10/01 | RQW | Letter to all counsel re new stipulated case management order; revised letter. | | |
| | | | .30 hrs  215 /hr | 64.50 |
| 05/16/01 | RQW | Received and reviewed correspondence. | | |
| | | | .20 hrs  215 /hr | 43.00 |
| 05/21/01 | RQW | Received and reviewed Court Order and correspondence from client. | .10 hrs  215 /hr | 21.50 |
| 05/29/01 | RQW | Received and reviewed proposed stipulation; telephone call and report to Maersk. | .50 hrs  215 /hr | 107.50 |
| 05/29/01 | RQW | Received and reviewed and docketed Amended Scheduling Order. | .30 hrs  215 /hr | 64.50 |
| 05/29/01 | RQW | Revised correspondence to Kellaway counsel. | | |
| | | | .20 hrs  215 /hr | 43.00 |

                                                            ------------
Total fees for this matter                    $       5,193.00

```
Owners Of M/V DRAGORE MAERSK                          PAGE  4
Bill number       1085-00358-002 RQW
```

## DISBURSEMENTS

| | |
|---|---:|
| Messenger/Delivery - Federal Express invoice 5-685-12066 | 11.14 |
| Messenger/Delivery - Federal Express invoice 5-685-69273 | 15.20 |
| Messenger/Delivery - Federal Express invoice 5-685-95299 | 11.14 |
| Service Fees - Torri's Legal Services invoice 4016 | 150.00 |
| Duplicating/Outside - CourtLink inv. 21-855 | 23.87 |
| Messenger/Delivery - Federal Express invoice 5-735-40630 | 17.54 |
| Service Fees - Torri's Legal Services  invoice 4367 for attempted service of summons and complaint | 125.00 0 |
| Messenger/Delivery - Federal Express invoice 5-783-94783 | 23.58 |
| Duplicating/In-House | 185.00 |
| Telecopier | 4.25 |
| Long Distance Telephone | 4.86 |
| Postage | 12.83 |
| Lexis/Westlaw | 65.73 |

```
            Total disbursements for this matter     $       650.14
```

## BILLING SUMMARY

| | | | |
|---|---|---|---:|
| Richard Q. Whelan | 18.60 hrs | 215 /hr | 3,999.00 |
| Gary F. Seitz | .60 hrs | 190 /hr | 114.00 |
| Stephen P. Bosio | 6.10 hrs | 172 /hr | 1,050.00 |
| Helle Koch Richards | .30 hrs | 100 /hr | 30.00 |
| TOTAL FEES | 25.60 hrs | $ | 5,193.00 |
| TOTAL DISBURSEMENTS | | $ | 650.14 |
| TOTAL CHARGES FOR THIS BILL | | $ | 5,843.14 |

Owners of M/V DRAGORE MAERSK          27 August 2001
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, Se1 9RR England                M/V DRAGORE MAERSK
                                       Invoice No.: 1085-358-03

---

**PALMER BIEZUP & HENDERSON** LLP
**Counselors at Law**
**956 Public Ledger Building**
**Independence Square**
**Philadelphia, PA  19106-3409**
**Federal Tax ID Number 23-2107405**
**(215) 625-9900  Fax No.:  (215) 625-0185**

---

INTERIM DISBURSEMENT BILL

M/V DRAGORE MAERSK
Phillips - Van Heusen Corp. vs Dampskibsselskabet, et al
Your Ref. : CMD/1999/5063/LMC
Our File No. 1085-358/RQW

DeBellis & Associates, LLC                            $1,350.00

                                       TOTAL         $1,350.00

PBH: 142335.1

PALMER BIEZUP & HENDERSON
VENDOR

CHECK NO. 51756

| R.REF.NO. | YOUR INV.NO. | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN |
|-----------|--------------|--------------|----------------|-------------|----------------|
| 085-358   |              | 2/1/02       | $1,350.00      | $1,350.00   | .00            |

Check Total                                        $1,350.00

---

FIRST UNION NATIONAL BANK
PHILADELPHIA, PENNSYLVANIA 19102
3-50-310

| CHECK NO. | CHECK DATE | VENDOR NO. |
|-----------|------------|------------|
| 51756     | 2/1/02     |            |

CHECK NO. 51756

CHECK AMOUNT

ONE THOUSAND THREE HUNDRED FIFTY AND 00/100 DOLLARS***************$1,350.00

**PALMER BIEZUP & HENDERSON**
SUITE 956 PUBLIC LEDGER BUILDING
PHILADELPHIA, PA 19106-3409
FED ID# 23-2107405

Y

THE
DER
OF

DeBellis & Associates, LLC

Security features included. Details on back.

DeBellis & Associates L.L.C.

1155 W. Chestnut St.
Union, NJ 07083
908-964-9699
908-964-8306 Facsimile

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 8/17/01 | 401 |

**BILL TO**

Law Offices of Palmer, Biezup, Henderson
Bill Econbarger
620 Chestnut Street
965 Public Ledger Blvd.
Philadelphia, PA 19106

| TERMS | DUE DATE |
|-------|----------|
| Net 30, 1.5% Finance ... | 9/16/01 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| Travel Time | Travel Union, NJ to Harrisburg, PA and return trip. Resulting Site Survey of 4390 Chamber Hills Road | 7 | 75.00 | 525.00 |
| Review Report | Document review, report preparation, secretarial costs regarding expert testimony in theft of three containers of shirts stolen Kellaway Transportation, 4390 Chamber Hills Road, Harrisburg, PA, on 06/18-20/1999 | 11 | 75.00 | 825.00 |

Thank you for your business.

| **Total** | $1,350.00 |
|-----------|-----------|

Owners of M/V DRAGORE MAERSK      28 February 2002
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, Se1 9RR England        M/V DRAGORE MAERSK
                        Invoice No.: 1085-358-005

---

**PALMER BIEZUP & HENDERSON LLP**
**Counselors at Law**
**956 Public Ledger Building**
**Independence Square**
**Philadelphia, PA  19106-3409**
**Federal Tax ID Number 23-2107405**
**(215) 625-9900  Fax No.:  (215) 625-0185**

---

*STATEMENT*

| | |
|---|---|
| PROFESSIONAL SERVICES: | $21,752.00 |
| for the period of June 1 - December 31, 2001 | |
| (in accordance with attached  computer printout) | |
| | |
| DISBURSEMENTS: | 3,335.07 |
| TOTAL | $25,087.07 |

RQW:en

PBH: 147793.1

PALMER BIEZUP & HENDERSON LLP
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PA 19106-3409
FEDERAL TAX ID NUMBER 23-2107405
(215) 625-9900  FAX NO. (215) 625-0185

February 25, 2002

Billed through 12/31/01

Bill number      1085-00358-005 RQW

Owners Of M/V DRAGORE MAERSK
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, SEI 9RR England

M/V DRAGORE MAERSK - Failure to Deliver Cargo of Izod Polo
Shirts - May 18, 1999

FOR PROFESSIONAL SERVICES RENDERED

| | | | |
|---|---|---|---|
| 06/13/01 RQW | Telephone conversation & correspondence received from Kellaway re: Stipulation. | | |
| | | .30 hrs  215 /hr | 64.50 |
| 06/14/01 RQW | Received, reviewed and analyzed Trailer Interchange contract; telephone conference with client. | .50 hrs  215 /hr | 107.50 |
| 06/20/01 RQW | Telephone conversation Kellaway counsel. | | |
| | | .20 hrs  215 /hr | 43.00 |
| 07/03/01 RQW | Reviewed status. | .30 hrs  215 /hr | 64.50 |
| 07/04/01 RQW | Prepared Third Party Complaint against J.V.E.Co., Inc.; Owner of the Terminal/Depot where containers were stolen. | 2.80 hrs  215 /hr | 602.00 |
| 07/05/01 HKR | Confer with RQW re filing. | .10 hrs  100 /hr | 10.00 |
| 07/05/01 HKR | Telephone conference with courier services re filing in Harrisburg. | .30 hrs  100 /hr | 30.00 |
| 07/05/01 RQW | Reviewed, Revised & supplemented Third Party Complaint against JVE, INC; Letter to Court; prepared Exhibits. | 1.90 hrs  215 /hr | 408.50 |
| 07/05/01 RQW | Telephone Conference with Clerk's office Concerning Third Party Complaint and Consolidation; Letter of insurance company's broker placing them on notice of claim. | | |
| | | .40 hrs  215 /hr | 86.00 |
| 07/09/01 WEE | Received instructions for preparation of discovery requests. | .30 hrs  145 /hr | 43.50 |
| 07/09/01 RQW | Received telephone call from plaintiff's counsel Re: Amended Complaint. | | |
| | | .20 hrs  215 /hr | 43.00 |
| 07/10/01 RQW | Received & Reviewed disclosures of Kellaway. | | |
| | | .20 hrs  215 /hr | 43.00 |
| 07/10/01 RQW | Received correspondence from court. | | |
| | | .10 hrs  215 /hr | 21.50 |

# 147790

```
Owners Of M/V DRAGORE MAERSK                              PAGE   2
Bill number      1085-00358-005 RQW
```

| | | | |
|---|---|---|---|
| 07/11/01 WEE | Review file and documents produced by Kellaway Trucking. | .90 hrs  145 /hr | 130.50 |
| 07/27/01 WEE | Begin drafting discovery requests; review file. | 1.30 hrs  145 /hr | 188.50 |
| 07/30/01 WEE | Research cargo security on internet.  Search for cargo terminal security expert.  Draft discovery requests. | 2.30 hrs  145 /hr | 333.50 |
| 07/31/01 WEE | Draft Discovery requests; edit discovery requests. Phone conversation with potential security expert. Draft letter to opposing counsel enclosing discovery requests. Receipt and review cargo expert's CV. | 2.40 hrs  145 /hr | 348.00 |
| 08/01/01 WEE | Phone call with non-party former facility manager re: deposition.  Telephone call to opposing counsel re: deposition. Phone call to Holiday Inn to arrange for conference room for deposition; Internet research for security expert; telephone conferences with potential security experts; Receipt/review of faxes attaching expert CVs. | 3.10 hrs  145 /hr | 449.50 |
| 08/02/01 RQW | Considered expert; Telephone conference with Maersk, Inc. | .20 hrs  215 /hr | 43.00 |
| 08/02/01 WEE | Telephone conference with counsel for other parties re: arranging depositions; telephone conference with expert witness. | .90 hrs  145 /hr | 130.50 |
| 08/03/01 WEE | Draft letter to expert explaining Rule 26 requirements and enclosing sample expert report and relevant file documents for review. Phone with expert re: report; phone with counsel for plaintiff re: color photos; receipt/review of correspondence from counsel for plaintiff enclosing photos. | 2.20 hrs  145 /hr | 319.00 |
| 08/03/01 RQW | Received claims documents from plaintiff's counsel; telephone conference with plaintiff's attorney. | .20 hrs  215 /hr | 43.00 |
| 08/06/01 WEE | Confirm deposition room reservation at Holiday Inn and fax contract to Holiday Inn.  Prepare subpoena and draft letter to Robert Smith re: subpoena and deposition.  Draft Notice of deposition and draft letter to all counsel enclosing notice. | 1.10 hrs  145 /hr | 159.50 |
| 08/08/01 WEE | Phone with Robert Smith re: subpoena check. Draft Letters to insurance companies re: Maersk as named insured and tender of defense; research insurance company names and addresses on internet. | .90 hrs  145 /hr | 130.50 |
| 08/08/01 RQW | Telephone conference with Maersk re expert; Arranged for expert. | .20 hrs  215 /hr | 43.00 |
| 08/09/01 WEE | Draft letter enclosing check for witness fee. | .20 hrs  145 /hr | 29.00 |
| 08/14/01 RQW | Received and reviewed correspondence from plaintiff's counsel. | .20 hrs  215 /hr | 43.00 |

Owners Of M/V DRAGORE MAERSK                          PAGE   3
Bill number       1085-00358-005 RQW

| Date | Init | Description | Amount |
|---|---|---|---|
| 08/16/01 | WEE | Receipt/review of correspondence from counsel for plaintiffs.  Phone with Expert re: report.                      .50 hrs  145 /hr | 72.50 |
| 08/16/01 | RQW | Considered expert information required for deadline compliance.           .50 hrs  215 /hr | 107.50 |
| 08/17/01 | WEE | Receipt/review of draft expert report.  Phone with expert.                .80 hrs  145 /hr | 116.00 |
| 08/20/01 | WEE | Receipt and review of expert report; draft letter to counsel enclosing expert report; telephone conversation with non-party witness regarding subpoena testimony.       .70 hrs  145 /hr | 101.50 |
| 08/27/01 | RQW | Telephone conference with plaintiff's attorney.                          .10 hrs  215 /hr | 21.50 |
| 08/28/01 | RQW | Received telephone call from plaintiff's attorney re settlement.          .20 hrs  215 /hr | 43.00 |
| 08/30/01 | RQW | Received and reviewed Discovery Responses with documents from cargo plaintiff.                             .20 hrs  215 /hr | 43.00 |
| 08/30/01 | WEE | Receipt and review of correspondence from counsel for plaintiff re: deposition of plaintiff and customs clearance documents; phone conversation with counsel for plaintiff re: depositions and discovery deadline.        .50 hrs  145 /hr | 72.50 |
| 09/04/01 | WEE | Prepare deposition outline for deposition of R.W. Smith.  Receipt/review of correspondence from counsel for Kellaway re: deposition of Kellaway. Meeting with RQW.          2.50 hrs  145 /hr | 362.50 |
| 09/05/01 | WEE | Confirm Deposition with Robert W. Smith.  Draft letter to counsel for Kellaway re: adjourning deposition and location of deposition.                      .50 hrs  145 /hr | 72.50 |
| 09/06/01 | WEE | Attend deposition of non-party witness R. W Smith in Harrisburg.                             *                           5.90 hrs  145 /hr | 855.50 |
| 09/06/01 | RQW | Prepared report to client.   .50 hrs  215 /hr | 107.50 |
| 09/07/01 | WEE | Draft summary of deposition.  Meeting with RQW re: information needed from client and Request to admit to Kellaway.  Receipt/review of request to admit from Plaintiff.  Began drafting Request to Admit to Kellaway.      3.20 hrs  145 /hr | 464.00 |
| 09/07/01 | RQW | Received and reviewed correspondence; Docketed reply time; Considered results of deposition.                     .30 hrs  215 /hr | 64.50 |
| 09/10/01 | WEE | Draft letter to all counsel confirming deposition schedule and demanding production of documents.                     .20 hrs  145 /hr | 29.00 |
| 09/11/01 | RQW | Received and reviewed summary of deposition of W. Smith.                  .20 hrs  215 /hr | 43.00 |
| 09/12/01 | RQW | Considered action to be taken with regard to Kellaway contract and stipulation.                     .70 hrs  215 /hr | 150.50 |
| 09/13/01 | RQW | Considered records from Kellaway.                     .30 hrs  215 /hr | 64.50 |
| 09/13/01 | RQW | Telephone conference with plaintiff's attorney and Massoud re documents required.                     .40 hrs  215 /hr | 86.00 |

```
Owners Of M/V DRAGORE MAERSK                              PAGE   4
Bill number       1085-00358-005 RQW
```

| Date | | Description | Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 09/13/01 | WEE | Prepared Request for Admissions; drafted letter enclosing Request for Admissions. | 2.20 hrs | 145 /hr | 319.00 |
| 09/14/01 | RQW | Prepared detailed report to client responses, Requests for Admission and further information and documents required. | 1.80 hrs | 215 /hr | 387.00 |
| 09/14/01 | WEE | Prepared memo concerning information needed from Maersk. Telephone conference with newly-assigned attorney for Mitsui re: status of case. | .90 hrs | 145 /hr | 130.50 |
| 09/17/01 | WEE | Begin drafting response to plaintiff's request for admission. Receipt/review of correspondence from counsel for plaintiff re: deposition schedule. | 1.50 hrs | 145 /hr | 217.50 |
| 09/20/01 | WEE | Draft response to Plaintiff's request for admissions; edit responses. | .50 hrs | 145 /hr | 72.50 |
| 09/20/01 | RQW | Prepared for telephone conference; Participated in telephone conference with Maersk, Inc. to obtain information upon which to respond to Requests for Admission; Discussed additional information required for the case. | .70 hrs | 215 /hr | 150.50 |
| 09/25/01 | WEE | Phone with counsel for Mitsui re: possibility of dispositive motion and sharing costs of expert. | .30 hrs | 145 /hr | 43.50 |
| 09/26/01 | WEE | Telephone conference with counsel for Kellaway re: deposition of Kellaway. | .30 hrs | 145 /hr | 43.50 |
| 09/27/01 | WEE | Phone call with counsel for Mitsui re: depositions; phone call with counsel for plaintiff. | .40 hrs | 145 /hr | 58.00 |
| 09/28/01 | WEE | Receipt/review of plaintiff's responses to discovery. Begin reviewing documents in preparation for deposition of plaintiff, PVH. | 1.50 hrs | 145 /hr | 217.50 |
| 09/30/01 | WEE | Prepare Outline and documents for deposition of Plaintiff. | 2.10 hrs | 145 /hr | 304.50 |
| 10/01/01 | WEE | Prepare deposition outline and document exhibits for deposition of plaintiff. | 1.90 hrs | 145 /hr | 275.50 |
| 10/02/01 | WEE | Attend deposition of Plaintiff in Bridgewater, New Jersey. | 8.40 hrs | 145 /hr | 1,218.00 |
| 10/03/01 | WEE | Draft memorandum re: deposition. | 1.70 hrs | 145 /hr | 246.50 |
| 10/04/01 | WEE | Finalize Response to Plaintiff's request for admissions. Draft letter to all counsel enclosing Response and addressing outstanding, Kellaway discovery. | .50 hrs | 145 /hr | 72.50 |
| 10/11/01 | WEE | Receipt/review of correspondence from counsel for Kellaway re: deposition and document discovery. Phone call with counsel for Kellaway. | .30 hrs | 145 /hr | 43.50 |
| 10/15/01 | WEE | Receipt/review of Kellaway's response to Request for Admissions. Draft Rule 26 Disclosure. Phone call with counsel for Mitsui. Draft letter to Kellaway re: deposition and discovery. | 1.90 hrs | 145 /hr | 275.50 |

```
Owners Of M/V DRAGORE MAERSK                               PAGE  5
Bill number       1085-00358-005 RQW
```

| Date | | Description | Amount |
|---|---|---|---|
| 10/15/01 | RQW | Received and reviewed discovery request; revised correspondence.                    .40 hrs  215 /hr | 86.00 |
| 10/16/01 | WEE | Finalized Rule 26 disclosure with documents.                    2.20 hrs  145 /hr | 319.00 |
| 10/16/01 | RQW | Revised correspondence.          .20 hrs  215 /hr | 43.00 |
| 10/16/01 | RQW | Telephone conferences (x2) with Massoud Messkoub at Maersk, Inc.; conference calls ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬ re contract with Kellaway trucker.                        .60 hrs  215 /hr | 129.00 |
| 10/22/01 | WEE | Phone call with adjuster from Hartford re: posture of case.                .10 hrs  145 /hr | 14.50 |
| 10/25/01 | WEE | Draft letter re: discovery.  Research judge's individual rules re: letter submissions to chambers.                   .50 hrs  145 /hr | 72.50 |
| 10/29/01 | RQW | Received telephone conference from plaintiff's counsel.                   .20 hrs  215 /hr | 43.00 |
| 11/02/01 | WEE | Receipt/review of correspondence from counsel for Kellaway re: deposition.  Draft letter to counsel for Kellaway re: deposition.                        .40 hrs  145 /hr | 58.00 |
| 11/05/01 | WEE | Receipt/review of correspondence from other counsel re: deposition of Kellaway.  Phone conference  with counsel for plaintiff.                        .30 hrs  145 /hr | 43.50 |
| 11/09/01 | WEE | Phone with counsel for plaintiff re: deposition of Kellaway.  Phone with expert re: prior Kellaway losses in New Jersey.                        .60 hrs  145 /hr | 87.00 |
| 11/19/01 | WEE | Prepare questions for deposition of Kellaway. Organize exhibits for deposition.  Phone conference with counsel for plaintiff re: deposition.                   2.80 hrs  145 /hr | 406.00 |
| 11/20/01 | WEE | Attend deposition of Kellaway in South Kearney, New Jersey.             8.30 hrs  145 /hr* | 1,203.50 |
| 11/21/01 | WEE | Phone conference with counsel for Mitsui re: discovery and upcoming conference. Drafted memo re: deposition of Kellaway.  1.80 hrs  145 /hr | 261.00 |
| 11/27/01 | RQW | Reviewed status.          .30 hrs  215 /hr | 64.50 |
| 11/27/01 | WEE | Internet Search for addresses of former Kellaway employees.  Receipt/Review of correspondence from counsel for Mitsui re: subpoena of Customs Broker.                    .40 hrs  145 /hr | 58.00 |
| 11/28/01 | WEE | Receipt/review of correspondence from Plaintiff enclosing exhibits from Kellaway deposition.                        .20 hrs  145 /hr | 29.00 |
| 11/30/01 | WEE | Begin researching enforceability of warehouseman limitation on damages clauses.                   1.40 hrs  145 /hr | 203.00 |
| 12/03/01 | WEE | Telephone conference with court.  Phone with counsel for plaintiff re: settlement demand. Research enforceability of Interchange agreement.                   1.40 hrs  145 /hr | 203.00 |
| 12/03/01 | RQW | Prepared fax report to client re depositions conducted.                    2.10 hrs  215 /hr | 451.50 |

```
Owners Of M/V DRAGORE MAERSK                          PAGE  6
Bill number      1085-00358-005 RQW
```

```
12/04/01 WEE   Research intermodel indemnity and warehouse
               liability.              2.70 hrs  145 /hr        391.50
12/05/01 WEE   Research indemnity and contribution and choice of
               law.                    3.90 hrs  145 /hr        565.50
12/05/01 RQW   Received telephone call from plaintiff's counsel.
                                        .10 hrs  215 /hr         21.50
12/05/01 RQW   Reviewed file and evidence.  1.80 hrs  215 /hr   387.00
12/05/01 RQW   Supplemented, reviewed and revised a detailed
               report to client.       1.60 hrs  215 /hr        344.00
12/06/01 WEE   Researched Pennsylvania bailment law.
                                       2.10 hrs  145 /hr        304.50
12/06/01 RQW   Continued review of evidence required; reviewed
               Maersk interview notes; prepared list of items
               and witnesses required; telephone call to Maersk
               in N.J. and left message; conducted limited
               supplemental legal research.
                                       1.50 hrs  215 /hr        322.50
12/06/01 RQW   Reviewed Kellaway documents and alleged defenses.
                                        .50 hrs  215 /hr        107.50
12/07/01 WEE   Researched breach of bailment and warehousemen
               liability. Begin drafting research memorandum.
                                       2.30 hrs  145 /hr        333.50
12/10/01 WEE   Draft legal research memorandum; edit memorandum.
                                       2.40 hrs  145 /hr        348.00
12/10/01 RQW   Telephone conference call with Massoud Messkoub
               re exhibits and information required; reviewed
               evidence.               .50 hrs  215 /hr         107.50
12/11/01 WEE   Phone call with counsel for Mitsui re settlement.
               Research Middle District Local Pretrial
               Procedures.  Begin drafting Findings of fact and
               Conclusion of law.     3.70 hrs  145 /hr         536.50
12/11/01 RQW   Considered Pre-trial Memorandum requirements.
                                        .30 hrs  215 /hr         64.50
12/12/01 RQW   Received telephone call from Mitsui counsel re
               Pretrial Memorandum and settlement.
                                        .20 hrs  215 /hr         43.00
12/12/01 RQW   Received information on Kellaway position;
               telephone conference with Maersk.
                                        .20 hrs  215 /hr         43.00
12/12/01 WEE   Phone conference with counsel for plaintiff  re
               settlement and scheduling.  Phone calls with
               counsel for Mitsui and Kellaway re settlement.
                                        .60 hrs  145 /hr         87.00
12/13/01 RQW   Telephone conferences (x2) with Kellaway re
               settlement situation.    .30 hrs  215 /hr         64.50
12/14/01 WEE   Phone conference with counsel for Kellaway re
               settlement.              .20 hrs  145 /hr         29.00
12/17/01 WEE   Researched admiralty jurisdiction concerning
               intermodal bill of lading.  .90 hrs  145 /hr     130.50
12/18/01 WEE   Phone call with counsel for plaintiff re
               conference. Prepared documents to be submitted as
               proposed exhibits.     1.90 hrs  145 /hr         275.50
12/18/01 RQW   Prepared for and attended required meeting with
               counsel about exhibits, etc.
                                       3.30 hrs  215 /hr         709.50
```

```
Owners Of M/V DRAGORE MAERSK                                    PAGE   8
Bill number        1085-00358-005 RQW


BILLING SUMMARY

           Richard Q. Whelan         32.60 hrs  215 /hr      7,009.00
           William E. Ecenbarger    101.40 hrs  145 /hr     14,703.00
           Helle Koch Richards         .40 hrs  100 /hr         40.00
                                                         ------------
           TOTAL FEES               134.40 hrs       $     21,752.00


           TOTAL DISBURSEMENTS                       $      3,335.07

                                                         ------------
           TOTAL CHARGES FOR THIS BILL               $     25,087.07
```

Owners of M/V DRAGORE MAERSK          12 July 2002
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, Se1 9RR England               M/V DRAGORE MAERSK
                                      Invoice No.: 1085-358-006

---

### PALMER BIEZUP & HENDERSON LLP
#### Counselors at Law
#### 956 Public Ledger Building
#### Independence Square
#### Philadelphia, PA  19106-3409
#### Federal Tax ID Number 23-2107405
#### (215) 625-9900  Fax No.:  (215) 625-0185

---

*STATEMENT*

PROFESSIONAL SERVICES:                        $32,647.00
for the period of January 1 - April 31, 2002
(in accordance with attached  computer printout)

DISBURSEMENTS:                                 4,898.49

                          TOTAL              $37,545.49

RQW:en

PBH: 151394.1

PALMER BIEZUP & HENDERSON LLP
620 CHESTNUT STREET, SUITE 956
PHILADELPHIA, PA  19106-3409
FEDERAL TAX ID NUMBER 23-2107405
(215) 625-9900  FAX NO. (215) 625-0185

May 22, 2002

Billed through 04/30/02

Bill number      1085-00358-006 RQW

Owners Of M/V DRAGORE MAERSK
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, SEI 9RR England


M/V DRAGORE MAERSK - Failure to Deliver Cargo of Izod Polo
Shirts - May 18, 1999


FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 01/02/02 WEE | Draft conclusions of law.  Phone with counsel for Mitsui re: conference.  Phone with Judge Rambo's chambers re: attendance of Maersk by phone at pretrial conference.        .70 hrs  145 /hr | 101.50 |
| 01/02/02 RQW | Reviewed e-mails and correspondence from adversary re conference and Order.<br>                         .50 hrs  215 /hr | 107.50 |
| 01/02/02 RQW | Reviewed file for filing Pre-trial Order/Memorandum; conducted limited research on issue of mitigation and new claim by cargo for additional profits.        3.50 hrs  215 /hr | 752.50 |
| 01/03/02 WEE | Draft conclusions of law.  Phone with counsel for Mitsui re: legal arguments.  1.60 hrs  145 /hr | 232.00 |
| 01/03/02 RQW | Participated in conference call with all counsel in accordance with Court Order.<br>                         .50 hrs  215 /hr | 107.50 |
| 01/03/02 RQW | Commenced Pre-trial Memorandum/Order.<br>                        1.50 hrs  215 /hr | 322.50 |
| 01/03/02 RQW | Conducted limited legal research on issue of law applicable to bill of lading.<br>                        1.40 hrs  215 /hr | 301.00 |
| 01/03/02 RQW | Continued work on Pre-trial submissions.<br>                        3.70 hrs  215 /hr | 795.50 |
| 01/04/02 WEE | Continued draft of findings of preliminary fact and conclusions of law. Review and edit exhibit list. Edit Pretrial Memorandum.  Researched damages for pre-trial filings.<br>                        2.80 hrs  145 /hr | 406.00 |
| 01/04/02 RQW | Continued preparation of Pre-Trial Memorandum.<br>                        3.70 hrs  215 /hr | 795.50 |
| 01/04/02 RQW | Reviewed, revised and supplemented findings of fact and conclusions of law; prepared letter to Judge; prepared letter to counsel; telephone conferences (x2) with Mitsui counsel; revised exhibit list.        4.20 hrs  215 /hr | 903.00 |

Owners Of M/V DRAGORE MAERSK                           PAGE  2
Bill number       1085-00358-006 RQW


| | | |
|---|---|---|
| 01/07/02 RQW | Telephone conference with counsel re conference. | |
| | .20 hrs  215 /hr | 43.00 |
| 01/07/02 RQW | Prepared materials for conference before Judge Rambo in Harrisburg, Pa.        .50 hrs  215 /hr | 107.50 |
| 01/08/02 RQW | Prepared for and traveled to conference before Judge Rambo, M.D. Pa. - Harrisburg; telephone conference with client.    2.50 hrs  215 /hr | 537.50 |
| 01/08/02 RQW | Attended Pre-trial Conference before Judge Rambo and returned to office in Philadelphia.      3.80 hrs  215 /hr | 817.00 |
| 01/09/02 WEE | Phone with various counsel for defendants re: common damages issues. Review and compare compare Plaintiff's exhibits.  Draft facsimile to counsel for Plaintiff re:  witness on damages and missing trial exhibits.    .60 hrs  145 /hr | 87.00 |
| 01/09/02 RQW | Received telephone call from Phillips-Van Heusen counsel.            .20 hrs  215 /hr | 43.00 |
| 01/09/02 RQW | Received telephone call from counsel for Mitsui re status of negotiations.    .20 hrs  215 /hr | 43.00 |
| 01/11/02 WEE | Edit and add proposed findings of fact and conclusions of law.  Research federal common law bailment.  Research enforceability of limitation of liability in warehouseman's contract.    1.90 hrs  145 /hr | 275.50 |
| 01/15/02 WEE | Arranged for subpoena of UIIA custodian.      .20 hrs  145 /hr | 29.00 |
| 01/15/02 RQW | Telephone conference with counsel for Kellaway concerning settlement and authenticity stipulation on UIIA contract.      .20 hrs  215 /hr | 43.00 |
| 01/15/02 RQW | Telephone conference with plaintiff's attorney concerning objections to exhibits.      .10 hrs  215 /hr | 21.50 |
| 01/15/02 HKR | Prepare subpoena for UIIA custodian. Prepare correspondence re subpoena.   1.40 hrs  100 /hr | 140.00 |
| 01/15/02 HKR | Telephone court reporter and process server and prepare arrangements for deposition and service of subpoena.            .30 hrs  100 /hr | 30.00 |
| 01/17/02 RQW | Received and reviewed court orders and docketed dates.                .20 hrs  215 /hr | 43.00 |
| 01/18/02 WEE | Review and edit proposed trial stipulations as to fact.                .60 hrs  145 /hr | 87.00 |
| 01/21/02 RQW | Prepared detailed report re status and settlement.            1.10 hrs  215 /hr | 236.50 |
| 01/22/02 WEE | Phone with counsel for UIIA re: rescheduling subpoena deposition.  Phone with counsel for Plaintiff re scheduling deposition of witness on damages. Draft letter to Judge Rambo requesting permission permission to take UIIA deposition outside of discovery schedule.    .90 hrs  145 /hr | 130.50 |
| 01/22/02 RQW | Telephone conference with Massoud at Maersk, Inc. ██████████████████████ settlement conference before Magistrate Judge.      .20 hrs  215 /hr | 43.00 |

Owners Of M/V DRAGORE MAERSK                                      PAGE   3
Bill number        1085-00358-006 RQW


01/22/02 RQW   Received telephone call from plaintiff's counsel
               re deposition of damages witness.
                                    .20 hrs  215 /hr        43.00
01/22/02 RQW   Telephone conference with judge re unavailability
               of witnesses.        .20 hrs  215 /hr        43.00
01/22/02 RQW   Started review of Pastore deposition for
               Phillips-Van Heusen witness scheduled for 1/23/02
               on damages increase.  .40 hrs  215 /hr        86.00
01/22/02 HKR   Telephone court reporter.  .20 hrs  100 /hr   20.00
01/23/02 RQW   Prepared for deposition of plaintiff's witness
               (Seigel) on damages increase; reviewed new
               documents produced.   2.50 hrs  215 /hr      537.50
01/23/02 RQW   Took deposition of Phillips-Van Heusen witness
               (Seigel) and participated in conference call with
               judge; met with counsel following deposition.
                                    3.30 hrs  215 /hr       709.50
01/24/02 WEE   Phone with counsel for Mitsui re deposition of
               UIIA custodian.  Phone with Judge Rambo's
               chambers re deposition of UIIA custodian.  Draft
               facsimile to all counsel advising that Judge
               Rambo issued Order.   .40 hrs  145 /hr        58.00
01/24/02 RQW   Reviewed evidence obtained during deposition of
               PVH witness. Telephone conference with
               plaintiff's counsel re conference scheduled for
               January 25, 2002.     .30 hrs  215 /hr        64.50
01/25/02 RQW   Received and reviewed faxes from PVH counsel re
               loading; received telephone call from Kellaway
               and Mitsui counsel re strategy for settlement
               conference.           .60 hrs  215 /hr       129.00
01/25/02 RQW   Traveled to Harrisburg, Pa. for conference in
               Middle District of Pennsylvania.          *
                                    2.50 hrs  215 /hr       537.50
01/25/02 RQW   Attended settlement conference and meeting of
               counsel following conference.             *
                                    3.10 hrs  215 /hr       666.50
01/25/02 RQW   Returned to office; gave a telephone report on
               conference to client.  2.30 hrs  215 /hr     494.50
01/28/02 RQW   Participated in conference call with Kellaway and
               Mitsui counsel re settlement strategy and
               required stipulations; received status following
               conference.          .60 hrs  215 /hr       129.00
01/28/02 HKR   Telephone conference with UIIA re deposition
               subpoena.            .20 hrs  100 /hr        20.00
01/30/02 RQW   Received telephone call from Owners' counsel;
               received and reviewed e-mail; telephone
               conference with cargo counsel concerning exhibits
               and status of settlement discussions with
               Kellaway.            .70 hrs  215 /hr       150.50
02/01/02 RQW   Received calls (x4) from Kellaway counsel
               negotiating an agreement on the UIIA exhibit to
               avoid a deposition in MD. of custodian of the
               contract; continued negotiations; Prepared fax
               letter confirming agreement with Kellaway counsel
               on UIIA and suggesting the deposition be
               cancelled.           1.40 hrs  215 /hr       301.00

```
Owners Of M/V DRAGORE MAERSK                                    PAGE  4
Bill number      1085-00358-006 RQW
```

| Date | Atty | Description | Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 02/01/02 | RQW | Received 5th telephone call from counsel for Kellaway; telephone conference with Mitsui counsel; Prepared draft detailed report to client concerning status of settlement negotiations; deposition of damages witness; and possible trial date. Reviewed and revised fax letter report and supplemented report with trial date of February 12, 2002. | 1.60 hrs | 215 /hr | 344.00 |
| 02/01/02 | WEE | Draft letter to expert advising of trial. Phone with expert re trial. Phone with counsel for UIIA deponent re deposition on February 4. | .40 hrs | 145 /hr | 58.00 |
| 02/02/02 | RQW | Telephone discussions with counsel for Kellaway and counsel for PVH re settlement (x4); telephone conference with Maersk, Inc. re ████████ ████████ | .50 hrs | 215 /hr | 107.50 |
| 02/04/02 | RQW | Telephone conference received from counsel for Kellaway concerning stipulation re: UIIA agreement to avoid deposition; received and reviewed fax agreement from Kellaway counsel re UIIA as exhibit at trial; telephone conference with counsel for Mitsui re cancelled deposition. | 1.10 hrs | 215 /hr | 236.50 |
| 02/04/02 | RQW | Telephone conference with counsel for plaintiff PVH and telephone ████████████from Maersk, Inc. ███████████████████ | .30 hrs | 215 /hr | 64.50 |
| 02/04/02 | WEE | Phone with counsel for UIIA custodian cancelling deposition. | .20 hrs | 145 /hr | 29.00 |
| 02/05/02 | RQW | Received telephone call from counsel for Kellaway; Telephone conferences with cargo counsel (x2); received and reviewed Kellaway proposal; Telephone conference with Maersk, inc. re trial and witnesses required. | .70 hrs | 215 /hr | 150.50 |
| 02/06/02 | WEE | Draft letter to all counsel advising of the addition of the subpoenaed U.S. Customs documents and file as an exhbit. Research breach of bailment stanards and security requirements under PA law. | .70 hrs | 145 /hr | 101.50 |
| 02/06/02 | RQW | Telephone conference with Maersk, Inc. obtaining authority to agree to affidavit of container contents; telephone conferences with Mitsui counsel re settlement strategy; Telephone conferences with cargo re status of settlement discussions with Kellaway; Received and reviewed correspondence. | .80 hrs | 215 /hr | 172.00 |
| 02/06/02 | RQW | Reviewed Kellawayn Exhibits and prepared list of objections to comply with Court Order. | 1.30 hrs | 215 /hr | 279.50 |
| 02/06/02 | RQW | Reviewed Plaintiff's actual trial exhibits to prepare objection list required by Court Order. | .90 hrs | 215 /hr | 193.50 |
| 02/07/02 | WEE | Phone with expert re trial and assisted in trial preparation.  Meeting with RQW re trial preparation and settlement negotiations. | .80 hrs | 145 /hr | 116.00 |

Owners Of M/V DRAGORE MAERSK                                    PAGE  5
Bill number     1085-00358-006 RQW

| | | |
|---|---|---|
| 02/07/02 RQW | Finalized objections to exhibits submitted by PVH and Kellaway; prepared letter to Judge; prepared letter to counsel; considered affidavit proposed by PVH re loading; prepared materials for cross of new witness listed by PVH as a salesman to prove up increased damages.   2.40 hrs  215 /hr | 516.00 |
| 02/08/02 WEE | Phone with expert re arranging to meet with him. Prepare trial exhibits.         .30 hrs  145 /hr | 43.50 |
| 02/08/02 RQW | Various telephone conferences (x5) with plaintiff's counsel, counsel for Kellaway and counsel for Mitsui; telephone conference with Maersk, Inc. advising ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮.       .40 hrs  215 /hr | 86.00 |
| 02/08/02 RQW | Commenced preparation for trial scheduled for Tuesday, Feb. 12, 2002 by arranging for preparation of exhibit booklets and the copying of other necessary items for trial.         .60 hrs  215 /hr | 129.00 |
| 02/09/02 WEE | Phone with expert re trial attendance.  Prepare exhibits. Prepare outline and binder of legal authorities.             1.10 hrs  145 /hr | 159.50 |
| 02/09/02 RQW | Commenced preparation of Vincent Pastore cross-examination by reviewing transcript sections and preparing questions / points.         2.10 hrs  215 /hr | 451.50 |
| 02/09/02 RQW | Continued trial preparation with cross examination of Pastore; Reviewed exhibits for authentication problems; conducted legal research for evidentiary and burden issues (subsequent remedial measures; burden of plaintiff's; Maersk's burden against Kellaway; and mentioning insurance proceeds collected by cargo). Considered and prepared trial strategy against plaintiff's and Kellaway; continued to prepare trial notebooks.        3.90 hrs  215 /hr | 838.50 |
| 02/10/02 WEE | Continued to prepare outline of authorities for trial. Edit Proposed additional findings of fact and conclusions of law. Assisted in trial preparation.            1.50 hrs  145 /hr | 217.50 |
| 02/10/02 RQW | Continued preparation of cross examination of PVH witnesses both Seigel and Pastore; prepared our security expert for trial testimony over the telephone; continued to prepare trial notebooks of exhibits, law, pretrial submissions, and witness examinations.     6.20 hrs  215 /hr | 1,333.00 |
| 02/11/02 WEE | Prepare direct examination of expert and anticipated cross examination. Continued with preparation of trial items.  1.40 hrs  145 /hr | 203.00 |
| 02/11/02 RQW | Telephone conferences with plaintiff's counsel and counsel for Kellaway concerning status of settlement. Again confirmed by conference with plaintiff's counsel that the settlement of Maersk case was contingent upon the Mitsui claim settling.            .20 hrs  215 /hr | 43.00 |

Owners Of M/V DRAGORE MAERSK                                    PAGE   6
Bill number        1085-00358-006 RQW


02/11/02 RQW   Continued preparing case for trial; telephone
               interview of 2 Maersk witnesses, Maria Marconi
               and Massoud Messcoub; Organized file for trial
               and for transportation to Harrisburg; received
               and reviewed new damages exhibits produced by
               plaintiff's counsel; prepared summary with page
               notes of deposition of Robert Seigel (PVH
               witness) in order to have material for cross
               examination.              3.80 hrs  215 /hr         817.00
02/11/02 RQW   Travelled to Harrisburg for trial in M.D. Pa.
               before Judge Rambo.       1.90 hrs  215 /hr         408.50
02/11/02 RQW   Prepared fax report to client advising ▮▮▮▮▮▮▮▮
               ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
               ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
               ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Prpared
               report to Maersk providing directions to
               courthouse and phone numbers where PBH trial
               counsel could be reached at all times during
               trial; reviewed and revised reports.
                                          .70 hrs  215 /hr         150.50
02/12/02 RQW   Prepared for trial - cross examination of PVH
               witnesses and opening; organized exhibits      *
                                         1.60 hrs  215 /hr         344.00
02/12/02 RQW   Traveled to courthouse and attended trial -
               a.m. session.                                  *
                                         3.50 hrs  215 /hr         752.50
02/12/02 RQW   Trial preparation during lunch break.         *
                                          .50 hrs  215 /hr         107.50
02/12/02 RQW   Attended afternoon session of Day One of trial;
               returned to hotel.        3.30 hrs  215 /hr*        709.50
02/12/02 RQW   Reviewed transcript of McLaughlin of Kellaway  *
               to have pagenated summary for cross examination.
                                         1.70 hrs  215 /hr         365.50
02/13/02 WEE   Meet with expert to prepare for testimony while
               RQW is trying the case in courtroom.
                                          .90 hrs  145 /hr         130.50
02/13/02 RQW   Prepared cross-examintion of McLaughlin and
               closing statement; reviewed exhibits required for
               Maersk case.              1.80 hrs  215 /hr*        387.00
02/13/02 RQW   Attended morning session of trial.            *
                                         4.10 hrs  215 /hr         881.50
02/13/02 RQW   Attended afternoon session of trial.          *
                                         3.90 hrs  215 /hr         838.50
02/13/02 RQW   Returned to Philadelphia from Harrisburg;
               telephone conference with client re trial.    *
                                         1.90 hrs  215 /hr         408.50
02/14/02 RQW   Telephone conference with client re trial;
               re-assembled file in office.
                                          .50 hrs  215 /hr         107.50
02/19/02 RQW   Received and reviewed Court Order.
                                          .20 hrs  215 /hr          43.00
02/21/02 RQW   Commenced Trial Report to client.
                                         2.70 hrs  215 /hr         580.50

```
Owners Of M/V DRAGORE MAERSK                                    PAGE   7
Bill number      1085-00358-006 RQW
```

| Date | Init. | Description | | Amount |
|------|-------|-------------|---|--------|
| 02/21/02 | RQW | Continued preparation of trial report. | | |
| | | | 1.60 hrs  215 /hr | 344.00 |
| 02/22/02 | HKR | Telephone USDC Clerk re trial transcript. | | |
| | | | .10 hrs  100 /hr | 10.00 |
| 02/22/02 | HKR | Obtain docket. | .10 hrs  100 /hr | 10.00 |
| 02/22/02 | HKR | Telephone court reporter - left message. | | |
| | | | .10 hrs  100 /hr | 10.00 |
| 02/28/02 | RQW | Received telephone call from Court advising that transcript will not be ready for 2 weeks. | | |
| | | | .10 hrs  215 /hr | 21.50 |
| 03/15/02 | WEE | Review last portion of trial transcript to determine what legal issues judge requested parties to brief. | .20 hrs  145 /hr | 29.00 |
| 03/15/02 | RQW | Reviewed, revised and supplemented report of trial. | .90 hrs  215 /hr | 193.50 |
| 03/15/02 | RQW | Reviewed and revised report. | | |
| | | | .30 hrs  215 /hr | 64.50 |
| 03/28/02 | WEE | Begin drafting Post-Trial Memorandum of Law on Attorneys' Fees. | 1.10 hrs  145 /hr | 159.50 |
| 03/29/02 | WEE | Draft Memorandum of Law on recoverability of attorneys' fees. | .90 hrs  145 /hr | 130.50 |
| 04/02/02 | WEE | Draft summary of party admissions. | | |
| | | | 1.20 hrs  145 /hr | 174.00 |
| 04/03/02 | WEE | Drafting summary of evidence for use in post-trial proposed findings of fact and conclusions of law. | 1.10 hrs  145 /hr | 159.50 |
| 04/03/02 | RQW | Commenced review of sections of transcript for post-trial briefing. | .60 hrs  215 /hr | 129.00 |
| 04/05/02 | RQW | Telephone conferences with counsel re Brief; reviewed court schedule for Brief; commenced review for briefing. | .60 hrs  215 /hr | 129.00 |
| 04/05/02 | RQW | Continued review of materials for Post Trial Briefing. | .80 hrs  215 /hr | 172.00 |
| 04/08/02 | RQW | Received telephone call from counsel for PVH. | | |
| | | | .20 hrs  215 /hr | 43.00 |
| 04/09/02 | WEE | Drafted post-trial proposed findings of fact and conclusions of law (second). | | |
| | | | 2.10 hrs  145 /hr | 304.50 |
| 04/09/02 | RQW | Continued review of sections of transcripts for post-trial briefs ordered by Judge Rambo. | | |
| | | | 2.70 hrs  215 /hr | 580.50 |
| 04/09/02 | RQW | Arranged for additional research. | | |
| | | | .30 hrs  215 /hr | 64.50 |
| 04/09/02 | RQW | Conducted legal research for post-trial brief, reviewed case law required. | 2.60 hrs  215 /hr | 559.00 |
| 04/09/02 | RQW | Commenced preparation of Post-Trial Brief. | | |
| | | | 2.20 hrs  215 /hr | 473.00 |
| 04/10/02 | SPB | Research federal law on recovery of counsel fees. Research federal law on original document rule. Research federal law on admission of computer records. | 1.80 hrs  130 /hr | 234.00 |
| 04/10/02 | WEE | Finalized draft of Second Findings of Fact and Conclusions of Law based on trial transcript. | | |
| | | | 1.60 hrs  145 /hr | 232.00 |

```
Owners Of M/V DRAGORE MAERSK                              PAGE  8
Bill number      1085-00358-006 RQW
```

```
04/10/02 HKR   Telephone re MDPA filing.      .10 hrs  100 /hr        10.00
04/10/02 RQW   Continued preparation of detailed trial brief.
                                            3.50 hrs  215 /hr       752.50
04/10/02 RQW   Continued preparation of detailed trial brief.
                                            4.80 hrs  215 /hr     1,032.00
04/11/02 RQW   Continued to prepare Post-Trial Brief; reviewed
               and revised Post-Trial Brief; conducted limited
               legal research.              4.70 hrs  215 /hr     1,010.50
04/11/02 RQW   Revised and supplemented Findings of Fact and
               Conclusions of Law ordered by Judge Rambo.
                                            1.80 hrs  215 /hr       387.00
04/11/02 RQW   Revised and supplemented Legal Brief on recovery
               of Legal Fees incurred in defending the
               plaintiff's claim as ordered by Judge Rambo.
                                            1.60 hrs  215 /hr       344.00
04/11/02 RQW   Prepared letter to Judge Rambo and Clerk's
               office; finalized court ordered post-trial
               filings.                      .70 hrs  215 /hr       150.50
04/15/02 RQW   Received and reviewed filings by Kellaway and by
               cargo.                                    *
                                            1.20 hrs  215 /hr       258.00

                                                               ------------
               Total fees for this matter           $            32,647.00

DISBURSEMENTS

               Service Fees - Torri's Legal Services               92.50
               Witness Fees/Expenses - Debbie Sasko                40.00
               Messenger/Delivery - Federal Express invoice
               4-075-37760                                         26.48
               Exchanges - Royal Court Reporting Service invoice
               119037 for deposition of Robert Seigel 1/23/02     649.04
               Messenger/Delivery - Federal Express invoice
               4-122-05857                                         12.46
               Messenger/Delivery - Federal Express invoice
               4-122-05857                                         11.11
               Witness Fees/Expenses - (VOID) Debbie Sasko         40.00-
               Messenger/Delivery - Federal Express invoice
               4-122-72132                                         23.04
               Travel Expenses -  Harrisburg PA 2/12-2/13/02      132.15
               Exchanges - (trial transcript) Vicki L. Fox, RMR
               invoice 20010127                                 1,536.00
               Exchanges - Royal Court Reporting Service          581.35
               Messenger/Delivery                                  4.00
               Messenger/Delivery - One Hour Messengers invoice
               90908 for 4/11/02 delivery to District Court,
               Harrisburg, PA                                     161.65
               Duplicating/Outside - Pacer                          .56
               Duplicating/In-House                             1,213.50
               Telecopier                                          42.50
               Long Distance Telephone                             37.51
               Postage                                             39.13
               Lexis/Westlaw                                      335.51

                                                               ------------
               Total disbursements for this matter  $             4,898.49
```

```
Owners Of M/V DRAGORE MAERSK                                    PAGE   9
Bill number       1085-00358-006 RQW
```

BILLING SUMMARY

```
              Richard Q. Whelan          132.60 hrs  215 /hr    28,509.00
              Stephen P. Bosio             1.80 hrs  130 /hr       234.00
              William E. Ecenbarger       25.20 hrs  145 /hr     3,654.00
              Helle Koch Richards          2.50 hrs  100 /hr       250.00
                                                              ------------
              TOTAL FEES                 162.10 hrs        $    32,647.00

              TOTAL DISBURSEMENTS                         $     4,898.49
                                                              ------------
              TOTAL CHARGES FOR THIS BILL                 $    37,545.49
```

Owners of M/V DRAGORE MAERSK      4 April 2002
c/o Tindall Riley (Marine) Ltd.
New City Court
20 St. Thomas Street
London, Se1 9RR England      M/V DRAGORE MAERSK
     Invoice No.: 1085-358-902

---

## PALMER BIEZUP & HENDERSON LLP
### Counselors at Law
### 956 Public Ledger Building
### Independence Square
### Philadelphia, PA  19106-3409
### Federal Tax ID Number 23-2107405
### (215) 625-9900  Fax No.:  (215) 625-0185

---

*INTERIM DISBURSEMENT*

M/V DRAGORE MAERSK
Phillips - Van Heusen Corp. vs Dampskibsselskabet, et al
Your Ref. : CMD/1999/5063/LMC
Our File No. 1085-358/RQW

DeBellis & Associates, LLC                           $600.00

                              TOTAL         <u>$600.00</u>

RQW:en

PBH: 148785.1



**DeBellis & Associates L.L.C.**
1155 W. Chestnut St. Suite G-4
Union,  NJ  07083
908-964-9699
908-964-8306 Facsimile

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 3/11/02 | 574 |

| BILL TO |
|---------|
| Law Offices of Palmer, Biezup, Henderson<br>Bill Ecenbarger<br>620 Chestnut Street<br>965 Public Ledger Blvd.<br>Philadelphia, PA  19106 |

| TERMS | DUE DATE |
|-------|----------|
| Net 30, 1.5% Finance ... | 4/10/02 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| Travel Time | Travel on 2/13/2002 from  Newark, NJ to Harrisburg, PA and return trip regarding expert testimony in case involving theft of three containers of shirts stolen from Kellaway Transportation, 4390 Chamber Hills Road, Harrisburg, PA on 6/18/1999 - 6/20/1999.  Also includes trial preparation regarding case. | 8 | 75.00 | 600.00 |

Thank you for your business.

| **Total** | $600.00 |
|-----------|---------|

53

**PALMER BIEZUP & HENDERSON**

CHECK NO.

VENDOR

DEBELL, DeBellis & Associates LLC

| OUR REF. NO. | YOUR INV. NO. | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN |
|---|---|---|---|---|---|
| 39383 EXCHANG 1085358 | | 4/10/02 | 600.00 | 600.00 | .00 |
| EXCHANGE 1085-358-902 | | RQW | | | |

Check Total                                                          600.00

**FIRST UNION NATIONAL BANK**
3-50-310

53

**PALMER BIEZUP & HENDERSON LLP**
SUITE 956 PUBLIC LEDGER BUILDING
PHILADELPHIA, PA 19106-3409
FED ID# 23-2107405

| CHECK NO. | CHECK DATE | VENDOR NO. |
|---|---|---|
| 053218 | 04/10/02 | DEBELL |

CHECK AMOUNT

PAY

SIX HUNDRED AND 00/100 DOLLARS*********************         $*********600.00

*paid*

TO THE
ORDER
OF

DeBellis & Associates LLC

⑈"00053218"⑈ ⑊:031000503⑊: 200040443586"⑈"