UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------x

PHILLIPS-VAN HEUSEN CORP.,

                        Plaintiff,

      - against -

MITSUI O.S.K. LINES LTD.;
DAMPSKIBSSELSKABET AF 1912
AKTIESELSKAB and AKTIESELSKABET
DAMPSKIBSSELSKABET SVENDBORG,

             Defendants/Third Party Plaintiffs,

      - against -

KELLAWAY TRANSPORTATION, INC.;
KELLAWAY INTERMODAL & DISTRIBUTION
SYSTEMS, KELLAWAY INTERMODAL
SERVICES, INC. and KELLAWAY TERMINAL
SERVICES, INC.,

             Third Party Defendants.
-------------------------------------------------------------x

**Civil Action No.: 1: CV-00-0665**
**(Hon. Sylvia H. Rambo)**

FILED
HARRISBURG, PA

OCT 0 4 2002

MARY E. D'ANDREA, CLERK
Per_____
           Deputy Clerk

### DAADS t/a MAERSK LINE'S REPLY TO KELLAWAY'S MEMORANDUM IN OPPOSITION TO PETITION FOR ATTORNEYS' FEES

    Defendant and Third-Party Plaintiff DAADS t/a Maersk Line ("Maersk Line") by and

through its undersigned attorneys, Palmer Biezup & Henderson LLP, submit the following reply

to Kellaway's opposition to Maersk Line's Petition for Attorneys' Fees.

**I.      Kellaway's Opposition Ignores the Court's Finding That The UIIA Applies And The UIIA Requires Kellaway to Indemnify Maersk**

    Kellaway's main argument in its opposition (Section "A") ignores the Court's ruling that

the UIIA applies to Maersk Line's indemnity claim and said agreement requires Kellaway to

PBH: 153655.1

indemnify Maersk.  Section "A" of Kellaway's opposition is simply a re-argument concerning

the applicability of the UIIA, an issue already decided at the trial.

This Honorable Court in its Memorandum Findings of Fact and Conclusions of Law

dated August 14, 2002 held that Kellaway was bound by the terms of the Uniform Intermodal

Interchange Agreement ("UIIA") at all times material to this case and that pursuant to the terms

of the UIIA Kellaway must indemnify Maersk Line.  The Court stated:

> "The Court has previously found that Kellaway's
> failure to install additional safety measures
> constituted negligence.  Therefore, the UIIA
> requires Kellaway to indemnify [Maersk Line] for
> the amount it will have to pay PVH for the loss of
> the cargo."
>  (Decision, Page 28)

In these circumstances, Kellaway's argument that the UIIA is somehow not applicable

must be stricken.  The Court's application of the UIIA is law of the case and is binding on

Kellaway on the issue of attorneys' fees.

The UIIA clearly requires Kellaway to indemnify Maersk Line for its attorneys' fees and

expenses incurred in defending plaintiff's claims.  The UIIA provides at Part III Section 7(d)-(e)

> d.    Indemnity: Motor Carrier agrees to defend, hold harmless,
> and fully indemnify [Maersk], Equipment Owner, and/or
> Facility Operator, as their interests appear, against any and
> all loss, damage or liability, including reasonable attorneys
> fees and costs incurred in the enforcement of this
> Agreement, suffered by [Maersk], Equipment Owner and/or
> Facility Operator arising out of Motor Carrier's negligent
> or intentional acts or omissions during an Interchange
> Period and/or presence on Facility Operator's premises.

e.    Motor Carrier shall provide legal defense to [Maersk],
      Equipment Owner and/or Facility Operator for any claim
      arising against Motor Carrier under Section III.7.d.

**II    The Terms of the UIIA Require Kellaway to Indemnify Maersk Line For
       Attorneys Fees and Costs Incurred in Enforcing the Terms of the UIIA**

The UIIA clearly requires Kellaway to indemnify Maersk Line for all attorneys' fees and

expenses incurred in enforcing the terms of the UIIA.  The UIIA at Part III, Section 7(d) clearly

indicates that indemnity includes "reasonable attorneys fees and costs incurred in the

enforcement of this Agreement. . ."

Kellaway, in Section "B" of its opposition, again ignores the Court's ruling that the terms

of the UIIA apply and require Kellaway to indemnify Maersk.  The terms of the UIIA clearly

allow the recovery of attorneys fees and expenses incurred in seeking to enforce the terms of the

agreement.  The cases cited by Kellaway in Section "B" of its opposition are inapposite from the

situation before the Court.  None of the cases cited by Kellaway involved a specific contract

provision requiring full indemnification for attorneys fees and expenses incurred in seeking to

enforce the terms of the agreement.  Moreover, it was Kellaway who forced Maersk Line to take

legal action to enforce the terms of the UIIA when it rejected Maersk Line's tender of the defense

of plaintiff's claim and "refused to defend the case on their behalf." Court's Decision, Page 8.

Attorney fees incurred in enforcing contractual terms are clearly recoverable when the

contract specifically provides for the recovery of attorneys' fees.  See: Crowley American

Transport, Inc. v. Richard Sewing Machine Co., 172 F. 2d 781 (11th Cir. 1999) (attorneys' fees

incurred to enforce terms of bill of lading awarded pursuant to terms in ocean carrier's bill of

lading); <u>Maersk v. Alan Marketing</u>, 1999 AMC 278 (S.D.N.Y. 1998) (attorney fees incurred in collecting freight payments awarded pursuant to the terms of the bill of lading). Similar to the above-cited cases, the case before the Court involves specific contractual provisions calling for the award of attorneys' fees and costs in enforcing the UIIA contract.

On Page 8 of its opposition, Kellaway mistakenly argues that Maersk did not incur attorneys' fees and expenses defending plaintiff claims. The trial record clearly shows that it was Maersk that took the lead in cross-examining plaintiff PVH's witnesses at trial. Moreover, it was Maersk, not Kellaway, who noticed and took the lead at the depositions of all PVH representatives. It makes sense that it was Kellaway who put on evidence about its own facility since such evidence was exclusively controlled by Kellaway.

**III    The UIIA Required Kellaway to Provide Insurance Coverage For Maersk
Which By Definition Includes Attorneys Fees and Costs**

The Court's ruling that Kellaway must indemnify Maersk Line under Section III.B.7d. of the UIIA makes it unnecessary at this time to reach the issue of Kellaway's failure to provide insurance. The Court ordered indemnification under the UIIA would include any and all liability Maersk might have to plaintiff as well as all attorneys' fees and expenses. The same items would be paid under the insurance policy tht should have been purchased by Kellaway on Maersk's behalf.

Kellaway's opposition fails to mention the Maersk Line Addendum to the UIIA Agreement which clearly required coverage for cargo loss and damage as well as other coverages. Although Kellaway admits that Maersk was named as an additional on a cargo

insurance policy, they mistakenly contend that the policy does not apply because Kellaway was "no longer hauling the cargo." (Opposition of Kellaway at Pages 9-10). This argument ignores the court's ruling that Kellaway as the motor carrier had not transferred physical possession of the container back to Maersk and therefore the loss took place during the interchange period. Moreover, neither Kellaway nor its insurer have produced or introduced into evidence a copy of any alleged insurance policy and, therefore, Kellaway cannot make arguments concerning what the policy terms and conditions might provide.

It is undisputed that the UIIA applies to this matter. In these circumstances, Kellaway was required to obtain insurance in favor of Maersk to cover all liabilities and defense costs arising out of the cargo loss which is the subject matter of this lawsuit.

## IV    Marsk Lines Attorneys' Fees Were Reasonable Under The Circumstances

Kellaway's argument that Maersk Line's attorneys' fees were not reasonable is supported by mere conclusory statements by counsel. Much of the attorney time criticized by Kellaway was Kellaway's own doing. For example, it was Kellaway who produced the lease for the container yard in question showing that J.V.E. Company was the Owner of the container yard and suggested that it was J.V.E. Company who was responsible for the failed security. It was not until the deposition of a representative of J.V.E. was taken that the parties determined that it was Kellaway, and not J.V.E., who was responsible for the security. Research into the various Kellaway entities was necessary due to Kellaway's name changes and the various documents issued by Kellaway with the different corporate names which appear in the caption of this

lawsuit.  Kellaway's contention that the case was simple is belied by the comprehensive thirty-

one page Memorandum Findings of Fact and Conclusions of Law issued by the Court, the

volumes of trial exhibits, and the quite different positions taken by parties on the numerous

issues of law.  The January 25, 2002 entry in counsel for Maersk Line's invoice cited by

Kellaway on Page 11 of its opposition was not for a 2.3 hour telephone call but, rather, the return

trip from Harrisburg to Philadelphia after a January 25, 2002 Court conference.  The research,

deposition summaries and reporting by counsel for Maersk Line were all reasonable under the

circumstances.  Kellaway could have avoided liability under the UIIA for attorneys' fees had it

accepted the tender defense made on July 17, 2000 prior to Maersk engaging counsel. (Maersk

Trial Exhibit "N").


**V       Conclusion**

Kellaway's opposition to Maersk's Petition for Attorneys' Fees and Expenses ignores the

Court's ruling that the UIIA applies to Maersk Line's indemnity claim and Kellaway is required

to indemnify Maersk Line.  The application of the terms of the UIIA constitutes law of the case

and, therefore, Kellaway must, in accordance with Part III, Section 7(d)-(e) of the UIIA fully

indemnify Maersk Line for its attorneys' fees and expenses incurred in both defending plaintiff's

claim and in seeking to enforce the UIIA.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: _____ : WES
       Richard Q. Whelan (ID #35688)
       Attorney for DAADS t/a Maersk Line
       956 Public Ledger Building
       620 Chestnut Street
       Philadelphia, PA 19106-3409
        (215) 625-9900

Dated:

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of

Defendant/Third-Party Plaintiff DAADS t/a Maersk Line's Reply to Kellaway's Memorandum in

Opposition to Petition for Attorneys' Fees was made to the below-listed counsel via Hand

Delivery or Federal Express Courier on the date appearing below.

George R. Zacharkow, Esquire
Mattioni Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106

Carl H. Delacato, Esquire
Hecker, Brown, Sherry & Johnson
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Ann-Michele G. Higgins, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Patrick J. Keenan, Esquire
Duffy & Keenan
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106

Douglas B. Marcello, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

PALMER BIEZUP & HENDERSON LLP

By: _____
William E. Ecenbarger
Attorney for DAADS t/a Maersk Line
620 Chestnut Street
956 Public Ledger Building
Philadelphia, PA 19106-3409
(215) 625-9900

October 3, 2002

PBH: 153655.1

-8-