IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIPS-VAN HEUSEN CORP., | CIVIL ACTION |
| Plaintiff | |
| -against- | NO. 1:CV00-0665 |
| | (Judge Sylvia H. Rambo) |
| MITSUI O.S.K. LINES LTD., *et al.* | |
| Defendant/Third Party Plaintiff | |
| - against - | |
| KELLAWAY TRANSPORTATION, INC., KELLAWAY INTERMODAL & DISTRIBUTION SYSTEMS, KELLAWAY INTERMODAL SERVICES, INC. and KELLAWAY TERMINAL SERVICES, INC. | |
| Third Party Defendants. | |

**MITSUI O.S.K.'S LINES LTD.'S REPLY IN SUPPORT OF ITS PETITION FOR AWARD OF ATTORNEY'S FEES**

0727950.01

Defendant, Mitsui O.S.K. Lines Ltd., by and through its attorneys, Rawle & Henderson, hereby submits its Reply in Support of its Petition for Award of Attorney's Fees as follows:

In seeking attorney's fees, third party defendant Kellaway suggests that Mitsui relies upon the UIIA. That is correct in part. Significantly, however, Mitsui also relies on the Memorandum Findings of Fact and Conclusions of Law issued August 14, 2002 by the Court holding that Kellaway was bound by the terms of the UIIA. Therefore, given that the UIIA requires providing a legal defense, which was denied by Kellaway, Mitsui is entitled to be indemnified for its attorney's fees and expenses incurred in defending plaintiff's claims.

As for the argument advanced by Kellaway regarding the establishment of an indemnity claim against it, it is simply without merit. The UIIA applies as a contractual term. Once Kellaway was on notice of the claim, the contractual terms required it to defend Mitsui. It did not do so. That Mitsui would have to forego reimbursement for defending the claim because Kellaway determined that the contract did not apply is not reasonable. Kellaway breached the terms of the UIIA as to Mitsui, and Mitsui's damages are the award to plaintiff, plus its own fees and expenses, which it is seeking here.

0727950.01

As for the insurance provision of the UIIA, Mitsui believes this matter has already been ruled on by the Court in its August 14, 2002 opinion.

Finally, as to reasonableness of the fees, out of the hundreds and hundreds of entries, Kellaway suggests that some of the time spent was unreasonable. Kellaway finds variations of as little as three tenths of an hour between the submissions, and concludes that the only reasonable explanation is excessive billing. Without responding point for point, Mitsui would suggest simply that travel time for a distance over 90 miles might result in variations of a few minutes. A different time for attending a deposition could be based also on preparation for the deposition. As to Kellaway's corporate identity, Kellaway had at one time circulated a stipulation regarding its corporate identity, and then for some reason chose not to file it. Investigation of those issues was warranted to determine the effect of that issue on the third party plaintiffs. Review and trial exhibits submitted by plaintiff, in which over 100 were submitted, and several were several hundred pages in length, was a necessary facet of defending this case and was appropriate under the circumstances. The time included in the dates of trial included traveling to the trial, while preparing for it, and returning home while speaking with witnesses and other personnel interested in the case.

0727950.01

The research, deposition summaries, and actions taken by counsel for Mitsui were reasonable under the circumstances. To the extent they were not, the client was not billed for those items. And finally, it seems prudent to conclude that the need for the seemingly duplicative efforts of Maersk, Mitsui and Kellaway was very simply due to the failure of Kellaway to defend this claim on Mitsui's behalf in the first place.

For the foregoing reasons, Mitsui seeks that Kellaway indemnify it for its attorney's fees and expenses incurred in this entire matter, including defending plaintiff's claim and seeking enforcement of the UIIA against Kellaway.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: _____
Ann-Michele G. Higgins
Charles W. McCammon
Attorneys for defendant/third party plaintiff
Mitsui O.S.K. Lines, Ltd.
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4000

0727950.01

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Reply in Support of its Petition for Award of Attorney's Fees, was served on all counsel of record via first class mail postage pre-paid addressed as follows:

George R. Zacharkow, Esquire
Mattioni, Ltd.
399 Market Street
Second Floor
Philadelphia, PA 19106-2138

Patrick J. Keenan, Esquire
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, PA 19106

Richard Q. Whelan, Esquire
William E. Ecenbarger, Jr., Esquire
Palmer, Biezup and Henderson
956 Public Ledger building
620 Chestnut Street
Philadelphia, PA 19106

Carl H. Delacato, Jr., Esquire
Hecker, Brown, Sherry & Johnson
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Paul R. Walker, Esquire
Thomas Thomas and Haffer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

_____
Ann-Michele G. Higgins, Esquire

Date: 10/4/02

0727950.01

2