

# ORIGINAL

**DUFFY & KEENAN**
Attorneys at Law

PATRICK J. KEENAN
215-238-8707

November 8, 2002

**VIA FAX & U.S. MAIL**

Ann-Michele G. Higgins, Esquire
Charles W. McCammon, Esquire
Rawle & Henderson
The Widener Building
One South Penn Square
Philadelphia., Pa 19107

Richard Q. Whelan, Esquire
William E. Ecenbarger, Jr., Esquire
Palmer, Biezup and Henderson
956 Public Ledger Building
620 Chestnut Street
Philadelphia, Pa 19106

RE: Phillips-Van Heusen Corp. v. Mitsui O.S.K. Lines Ltd.
v. Kellaway Intermodal & Distribution Systems, Inc.
U.S. District Court M.D. of Pa. - Civil Action No.: 1:CV00-0665
Claim No.: 843-MC-00029

FILED
HARRISBURG, PA

NOV 0 8 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Dear Counsel:

In accord with the Court's Order dated October 25, 2002, the following are Kellaway's specific objections regarding the unreasonableness of the attorneys' fees sought by Maersk and Mitsui:[1]

I. **Excessive billing by counsel for Maersk**

(A) Between December 27, 2000 and April 4, 2001, Maersk counsel spent 5.7 hours researching an address for Kellaway as well as the rules for service of process as follows:

| | |
|---|---|
| December 27th - 1.0 hours............................................................ | $130.00 |
| January 15th - .3 hours................................................................. | $39.00 |
| January 16th - 1.0 hours............................................................... | $130.00 |
| January 19th - .2 hours................................................................. | $43.00 |
| January 19th - .6 hours................................................................. | $78.00 |
| February 23rd - .4 hours............................................................... | $309.00 |
| February 23rd - .3 hours............................................................... | $64.50 |
| March 7th - .2 hours..................................................................... | $26.00 |
| March 15th - .8 hours................................................................... | $172.00 |
| April 3rd - .4 hours........................................................................ | $52.00 |
| April 4th - .5 hours....................................................................... | $65.00 |

---

[1] In many of instances, multiple activities were jointly billed as one entry on an invoice. Since counsel for Maersk and/or Mitsui did not break down the time in a more detailed fashion, Kellaway is unable to do so.

The Curtis Center, Suite 1150
Independence Square West
Philadelphia PA 19106
215.238.8700 tel   215.238.8710 fax

Offices also in Haddonfield NJ

DUFFY & KEENAN

Ann-Michele G. Higgins, Esquire
Richard Q. Whelan, Esquire
November 8, 2002
Page -2-

Maersk and Kellaway had a business relationship that predated this loss, and it is unreasonable to believe that Maersk did not already know Kellaway's address. Moreover, on January 15th, Mr. Whelan billed .8 hours, in part, for "arrang[ing] for service of Kellaway Transportation, Inc." Furthermore, some of the above entries are also administrative tasks. By way of example only, Mr. Whelan and Mr. Bosio spent over 1.5 hours checking on service and/or reviewing service papers. Kellaway submits that the above-listed billing is unjustified and excessive.

(B)  July 4 and 5, 2001: 4.7 hours preparing a third-party complaint against J.V.E. Company, which was the landlord of the container yard as follows:

| | |
|---|---|
| July 4th - 2.8 hours........................................................................ | $602.00 |
| July 5th - 1.9 hours........................................................................ | $408.50 |

The complaint was unreasonable and unnecessary, as was later demonstrated by Maersk's voluntary dismissal of that party.

(C)  July 30, 2001 to August 3, 2001: Maersk's counsel spent 10.2 hours locating and having preliminary discussions with a liability expert as follows:

| | |
|---|---|
| July 30th - 2.3 hours....................................................................... | $333.50 |
| July 31st - 2.4 hours........................................................................ | $348.00 |
| August 1st - 3.1 hours..................................................................... | $449.50 |
| August 2nd - .2 hours...................................................................... | $43.00 |
| August 3rd - 2.2 hours..................................................................... | $319.00 |

However, Maersk never even called the liability expert to trial. Some of these entries also further demonstrate Maersk's attempt to bill for administrative tasks. By way of example only, the August 1st entry referenced above also included "Phone call to Holiday Inn to arrange for conference room for deposition...." This is not a legal task, and it should not be included in the billing.

(D)  September 7, 2001: Maersk counsel spent approximately 3.2 hours preparing a "draft summary" of a deposition that lasted less than 6 hours, and having an interoffice meeting regarding proposed request for admissions........................................................................ $464.00

DUFFY & KEENAN

Ann-Michele G. Higgins, Esquire
Richard Q. Whelan, Esquire
November 8, 2002
Page -3-

| | | |
|---|---|---|
| (E) | October 3, 2001: Maersk counsel spent 1.7 hours drafting a summary of a deposition that lasted less than 8 hours...................... | $246.50 |
| (F) | November 21, 2001: Maersk counsel spent 1.8 hours drafting a summary of a deposition that lasted less than 8 hours...................... | $261.00 |

(G) Between November 30, 2001 and December 10, 2001: Maersk counsel spent 16.2 hours conducting legal research and drafting a memorandum regarding basic issues of bailment and warehouseman's liability.

| | |
|---|---|
| November 30th - 1.4 hours.................................................................. | $203.00 |
| December 3rd - 1.4 hours.................................................................. | $203.00 |
| December 4th - 2.7 hours.................................................................. | $391.50 |
| December 5th - 3.9 hours.................................................................. | $565.50 |
| December 6th - 2.1 hours.................................................................. | $304.50 |
| December 7th - 2.3 hours.................................................................. | $333.50 |
| December 10th - 2.4 hours................................................................ | $348.00 |

As experienced practitioners in this area of the law, the extent of research is unreasonable.

(H) Between December 19, 2001 and January 4, 2002, Maersk counsel spent approximately 32 hours preparing its pretrial memorandum, findings of preliminary fact and conclusions of law and its exhibit list:

| | |
|---|---|
| December 19th - 3.2 hours................................................................ | $464.00 |
| December 20th - 1.8 hours................................................................ | $387.00 |
| December 20th - 2.3 hours................................................................ | $333.50 |
| December 21st - 1.8 hours................................................................ | $387.00 |
| January 2nd - .7 hours...................................................................... | $101.50 |
| January 2nd - 3.5 hours.................................................................... | $752.50 |
| January 3rd - 1.6 hours..................................................................... | $232.00 |
| January 3rd - 1.5 hours..................................................................... | $322.50 |
| January 3rd - 3.7 hours..................................................................... | $795.50 |
| January 4th 2.8 hours....................................................................... | $406.00 |
| January 4th - 3.7 hours..................................................................... | $795.50 |
| January 4th - 4.2 hours..................................................................... | $903.00 |

This was longer than the actual trial. In addition, there were numerous entries for revisions. These are administrative tasks that should not be included.

DUFFY & KEENAN

Ann-Michele G. Higgins, Esquire
Richard Q. Whelan, Esquire
November 8, 2002
Page -4-

| | | | |
|---|---|---|---|
| (I) | January 11, 2002: Maersk counsel spent an 1.9 hours in additional legal research............................................................................... | | $275.50 |
| (J) | January 25, 2002: Maersk counsel billed 2.3 hours for "return[ing] to office" and to providing a telephone status of a settlement conference that lasted less than three hours.................................... | | $494.50 |
| (K) | February 6, 2002: Maersk counsel billed .7 hours for additional legal research on basic bailment issues. As experienced practitioners in this area of the law, the extent of research is unreasonable................................................................................ | | $101.50 |

**TOTAL EXCESSIVE BILLING BY COUNSEL FOR MAERSK:**     **$13,684.00**

II.   **Excessive billing by counsel for Mitsui**

(A)   July 12, 2001: 2.9 hours spent reviewing documents produced by Kellaway. The document production was not in any way extensive, and Mitsui would have already been in possession of many of the documents................................................................. $348.00

(B)   August 27, 2001: 2.8 hours of legal research on basic issues including limitations under COGSA. As experienced practitioners in this area of the law, the extent of research is unreasonable............ $336.00

(C)   August 28, 2001: 1.6 more hours of legal research on basic issues including limitations under COGSA. As experienced practitioners in this area of the law, the extent of research is unreasonable............ $192.00

(D)   August 30, 2001: 1.9 more hours of legal research on basic issues including limitations under COGSA. As experienced practitioners in this area of the law, the extent of research is unreasonable............ $228.00

(E)   September 6, 2001: 6.8 hours billed for the deposition of a representative of J.V.E. Corporation. For the same deposition, counsel for Maersk only billed 5.9 hours. There is no reasonable explanation for the difference except that Mitsui's counsel has excessively billed for .9 hours (.9 x $120)...................................... $108.00

DUFFY & KEENAN

Ann-Michele G. Higgins, Esquire
Richard Q. Whelan, Esquire
November 8, 2002
Page -5-

(F) September 12, 2001: 2.3 hours spent *revising* a summary of the deposition of J.V.E. Corporation designee. As the deposition was less than 6 hours, the length of time spent on the summary is unreasonable.................................................................................... $345.00

(G) October 1, 2001: 4.9 hours billed for reviewing request for admission answers and preparing a status report to its client. A status report was prepared (and billed 1.7 hours) just four days before................ $808.50

(H) October 2, 2001: 11.3 hours billed for a deposition. Maersk's counsel billed 8.4 hours for that same deposition. Thus, Mitsui's counsel over billed the deposition by 2.9 hours (2.9 x $165)............ $478.50

(I) October 16, 2001: 3.2 hours billed by Mitsui's counsel for reviewing mostly correspondence.................................................................... $480.00

(J) November 5, 2001: Mitsui's counsel billed 2.3 hours for reviewing a letter and "updated discovery documents." These are administrative tasks that fail to substantiate the amount of that billing........................................................................................ $402.50

(K) November 20, 2001: Mitsui's counsel billed 10 hours for the deposition of a witness for Kellaway. Maersk counsel billed 8.3 hours for that same deposition. Again, there is no justification for the additional 1.7 hours of billing (1.7 x $175)................................ $297.50

(L) November 26, 2001: Mitsui billed 3.7 hours for "investigation regarding Kellaway corporate identity." Kellaway never made an issue of its identity in the case, and the billing is unjustified.............. $647.50

(M) December 11, 2001: Mitsui's counsel billed 1.3 hours for reviewing correspondence and court orders.................................................. $227.50

(N) December 17, 2001: 5.8 hours billed on legal research on basic bailment issues.......................................................................... $1,015.00

(O) December 19, 2001: 3.2 hours billed for a phone call with plaintiff's counsel and reviewing court filings of other parties.......................... $560.00

DUFFY & KEENAN

Ann-Michele G. Higgins, Esquire
Richard Q. Whelan, Esquire
November 8, 2002
Page -6-

(P)  Between December 18 and January 7, 2002: Mitsui billed 56.8 hours for preparing its pretrial memorandum, proposed findings of fact and conclusions of law and exhibit list as follows:

| | |
|---|---|
| December 18th - 8.5 hours...................................................... | 1,487.50 |
| December 19th - 2.5 hours...................................................... | $375.00 |
| December 20th - 3.8 hours...................................................... | $570.00 |
| December 21st - 2.6 hours...................................................... | $390.00 |
| December 27th - 1.5 hours...................................................... | $225.00 |
| December 31st - 1.8 hours...................................................... | $270.00 |
| January 2nd - 1.9 hours.......................................................... | $285.00 |
| January 2nd - 7.3 hours.......................................................... | $1,277.50 |
| January 3rd - 5.5 hours........................................................... | $825.00 |
| January 4th - 3.6 hours........................................................... | $540.00 |
| January 4th - 7.8 hours........................................................... | $1,365.00 |
| January 7th - 2.8 hours........................................................... | $420.00 |
| January 7th - 7.2 hours........................................................... | $1,260.00 |

The amount of time spent by Mitsui on its pre-trial memo was about twice the length of the actual trial. In addition, there were numerous entries for revisions. These are administrative tasks that should not be included. There were also many instances where two attorneys billed for exactly the same work. By way of example only, on December 18th, Ms. Higgins billed for reviewing Plaintiff's findings of fact, and on December 19th, Mr. McCammon billed for the same thing. Similarly, on January 7th, Mr. McCammon reviewed and edited the pre-trial memo, and Ms. Higgins "finalized and prepared findings of fact and conclusions of law and pre-trial memo." This type of duplicative billing is excessive.

(Q)  January 8, 2002: Mitsui billed 6 hours for attending the pretrial conference. Maersk counsel billed 3.8 hours for attending the same conference. Therefore, Mitsui over-billed 2.2 hours (2.2 x $175)..... $385.00

(R)  January 14, 2002: Mitsui's counsel billed 6.3 hours for preparing a letter and reviewing another party's trial exhibits............................. $1,102.50

(S)  January 25, 2002: Mitsui billed 7.8 hours for attending a settlement conference. Maersk counsel bill 3.1 hours for attending the same conference. There is no justification for the additional 4.7 hours of billing by Mitsui (4.7 x $175)......................................................... $822.50

**DUFFY & KEENAN**

Ann-Michele G. Higgins, Esquire
Richard Q. Whelan, Esquire
November 8, 2002
Page -7-

| | | | |
|---|---|---|---|
| (T) | February 4, 2002: Mitsui's counsel billed 6.1 hours for preparing a letter and three phone calls.............................................................. | | $1,067.50 |
| (U) | February 12, 2002: Mitsui's counsel billed 12 hours for attending trial. The trial lasted no more than 8 hours that day, so 4.0 hours were over-billed (4.0 x $175)............................................... | | $700.00 |
| (V) | February 13, 2002: Mitsui's counsel billed 12 hours for attending trial that day, even though the trial lasted no more than 8 hours. Again 4.0 hours were over-billed (4.0 x $175)................................. | | $700.00 |

**TOTAL EXCESSIVE BILLING BY COUNSEL FOR MITSUI:**        **$20,541.50**

As you know, Kellaway continues to contend that your clients are not entitled to any attorneys' fees and/or costs. However, if the Court is inclined to authorize them, the above listed charges are unreasonable.

In summary, Maersk's total billing was $71,572.35. After deduction for the excessive billing, the adjusted total is $57,888.35. Mitsui's total billing was $66,809.36. After deduction for excessive billing, the adjusted total is $46,267.86.

If you have any questions or need additional information, please do not hesitate to contact me.

Very truly yours,

PATRICK J. KEENAN, ESQUIRE

cc:   Honorable Sylvia H. Rambo, U.S.D.J.
      Clerk of Court
      (both via hand delivery)

      Douglas B. Marcello, Esquire
      Paul R. Walker, Esquire
      Carl H. Delacato, Jr. Esquire
      George R. Zacharkow, Esquire
      (via fax and U.S. mail)