UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------x
PHILLIPS-VAN HEUSEN CORP.,

                      Plaintiff,

    - against -

MITSUI O.S.K. LINES LTD.;
DAMPSKIBSSELSKABET AF 1912
AKTIESELSKAB and AKTIESELSKABET
DAMPSKIBSSELSKABET SVENDBORG,

         Defendants/Third Party Plaintiffs,

    - against -

KELLAWAY TRANSPORTATION, INC.;
KELLAWAY INTERMODAL & DISTRIBUTION
SYSTEMS, KELLAWAY INTERMODAL
SERVICES, INC. and KELLAWAY TERMINAL
SERVICES, INC.,

                   Third Party Defendants.
------------------------------------------------------------------x

Civil Action No.: 1: CV-00-0665
(Hon. Sylvia H. Rambo)



FILED
NOV 19 2002
PER _____
HARRISBURG, PA.    DEPUTY CLERK

### DAADS t/a MAERSK LINE'S FURTHER REPLY TO KELLAWAY'S MEMORANDUM IN OPPOSITION TO PETITION FOR ATTORNEYS' FEES

Under either federal maritime law or Pennsylvania law, Maersk Line is entitled to recover its attorneys' fees as provided under the governing Uniform Intermodal Interchange Agreement ("UIIA"). The UIIA provides in relevant part:

> Indemnity: Motor Carrier [Kellaway Transportation, Inc.] agrees to defend, hold harmless, and fully indemnify Provider [Maersk Line], Equipment Owner, and/or Facility Operator, as their interests appear, against any and all loss, damage or liability, including reasonable attorneys' fees and costs incurred in the enforcement of this Agreement, suffered by Provider, Equipment Owner and /or Facility Operator arising out of Motor Carrier's

PBH: 155137.1

>negligent or intentional acts or omissions during an Interchange
>Period and/or presence on Facility Operator's premises."

Maersk Line Exhibit "T" Part III, Section 7(d)

The above clearly and explicitly applies both to costs and fees incurred in enforcing the UIIA indemnity agreement, as well as those costs and fees incurred in defending against plaintiff's claims. The provision specifically includes "reasonable attorneys' fees and costs incurred in the enforcement of this Agreement..." Certainly all costs and attorneys' fees incurred by Maersk Line in pursuing its third-party action against Kellaway are fees and costs incurred in the enforcement of the UIIA.

Under Pennsylvania law, contracts providing for the recovery of attorneys fees in the event of breach are enforceable. SNA, Inc. v. Array, 173 F. Supp.2d 347 (E.D.Pa. 2001), aff'd, No. 01-4313, 2002 U.S.App. LEXIS 17317 (3d Cir. August 19, 2002); Krueger Assocs, Inc. v. ADT Sec. Sys., 2000 W.L. 10394 at *2 (E.D.Pa. Jan. 5, 2000) (quoting Nationwide Energy Corp. v. Kleiser, 1987 W.L. 10655 at *2-3 (E.D.Pa. May 7, 1987); see also, Dunkin' Donuts Inc. v. Guang Chyi Liu, 2002 W.L. 31375509 at *2 (E.D.Pa. Oct. 17, 2002).

Such contractual attorney fee provisions are also enforceable under federal maritime law.. See Crowley American Transport, Inc. v. Richard Sewing Mach. Co., 172 F.3d 781, 785-86 (11th Cir. 1999); Maersk Inc. v. Alan Marketing, Inc., 1999 A.M.C. 278, 1998 W.L. 167323 (S.D.N.Y. 1998). In Richard Sewing and Alan Marketing, the court in each case enforced a provision in a maritime bill of lading awarding attorneys' fees to an ocean carrier forced to litigate to collect for freight due.

Thus, whether viewed under federal maritime law or under Pennsylvania state law, the attorney fee provision contained in the UIIA must be enforced against Kellaway. Included in

PBH: 155137.1

-2-

those fees are the costs and fees incurred in making this very motion for enforcement of the fee provision. Also included in this amount are any future costs and fees incurred in the appeal process unless Kellaway now assumes the defense of Maersk Line as it should have done in the first instance.

Wherefore, Maersk Line respectfully requests that this Honorable Court enter an order in favor of Maersk Line and against Kellaway providing that Kellaway must pay all reasonable attorneys' fees incurred by Maersk Line to date, including fees incurred with respect to the instant motion, together with any and all reasonable costs and fees incurred by Maersk Line in the appeal of this matter should Kellaway fail to provide a legal defense to Plaintiff's appeal of this matter, in derogation of its clear duties under the UIIA.

Dated: November 19, 2002

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: _____
Richard Q. Whelan (ID #35688)
Attorney for DAADS t/a Maersk Line
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106-3409
(215) 625-9900